## INDIANA RAILWAY COMPANY v. WADSWORTH ET AL.

[No. 4,003.    Filed October 14, 1902.]

APPEAL AND ERROR.—*Evidence.*—A new trial will not be granted on appeal upon the weight of conflicting evidence.  *pp. 587, 588.*

MECHANIC'S LIENS.—*Material Furnished.*—*Set-Off.*—Plaintiff brought suit against a railroad company and one who furnished material to foreclose a lien for labor and material. The material man filed a cross-complaint against all of the parties for fence posts furnished plaintiff and used in the construction of the work. The court found for cross-complainant against the company for the value of the posts, and for plaintiff on his plea of set-off, from which the railroad company appealed. The posts were used for the fence, and there was no contention but that the fence was

Indiana R. Co. v. Wadsworth.

constructed as contracted for. *Held*, that the railroad company was not entitled to the benefit of the amount allowed the plaintiff on his set-off. *p. 588*.

From Elkhart Circuit Court; *Wilson Roose*, Special Judge.

Action against the Indiana Railway Company and others to foreclose a mechanic's lien. Defendant John E. Wadsworth filed a cross-complaint against all of the parties, and the court found for Wadsworth against the railroad company, and for plaintiff on his plea of set-off as against defendant Wadsworth on his cross-complaint, and the railroad company appeals. *Affirmed.*

*L. W. Vail, W. L. Stonex* and *C. C. Black*, for appellant.

*W. J. Davis, S. C. Hubbell* and *T. A. Davis*, for appellees.

ROBINSON, J.—One Nusbaum sued appellant company, appellee Wadsworth, and other parties, to foreclose a lien for labor and material. Appellee Wadsworth filed a cross-complaint against all the parties to foreclose a lien against appellant for material furnished Nusbaum, and used in the construction of a fence along appellant's right of way. Nusbaum filed a counterclaim against Wadsworth for damages. There was a judgment in Wadsworth's favor against the company and Nusbaum, and a decree foreclosing the lien, and a set-off allowed in Nusbaum's favor against Wadsworth.

The only error assigned which is discussed is overruling the motion for a new trial, which was asked on the ground that the decision of the court is contrary to law; is not sustained by sufficient evidence; and that the assessment of the amount of recovery is too large. It is argued at some length that the evidence fails to show that any of the material was furnished by Wadsworth within sixty days of the time the notice of intention to hold a lien was filed. The evidence is conflicting upon that question. After a careful reading

of all the evidence we can not say that the trial court had no evidence upon which to base its finding. From the facts and circumstances proved, and the inferences that may properly be drawn from them, it can not be said that the finding is not sustained by sufficient evidence, without passing upon the weight of the evidence. Authorities need not be cited in support of the rule that a new trial will not be granted on appeal upon the weight of conflicting evidence.

It is further argued that the amount of recovery is too large. The material furnished by Wadsworth consisted of a large number of fence posts furnished Nusbaum, who had contracts with the railway company to build the fence. These posts were manufactured by Wadsworth, who, Nusbaum claimed, guaranteed the posts to perform the service required of them without any extra anchorage. To Wadsworth's cross-complaint, Nusbaum pleaded a set-off for extra work and labor in anchoring the posts. The court found in Wadsworth's favor against the company and Nusbaum for $354.88, the value of the material furnished and used in the construction of the fence, and also for attorney's fees; and found in Nusbaum's favor on his answer of set-off against Wadsworth for $75. It is argued that the company should have the benefit of the amount allowed Nusbaum.

The company alone appeals and assigns error. If the posts were used in the construction of the fence,—and there is evidence that they were,—the company is liable for their value, which the evidence shows is the amount allowed by the court. No claim is made that the company did not get such a fence as it contracted for. There is evidence that it accepted the fence after it was completed. The question between Wadsworth and the company was the value of the material used. The extra work by Nusbaum in building the fence was, under the pleading, a question solely between him and Wadsworth.

We find no error in the record. Judgment affirmed.