## BROWN v. STATE OF INDIANA.

[No. 22,618.   Filed May 13, 1915.   Rehearing denied January 13, 1916.]

1. APPEAL.—*Waiver of Error.*—*Briefs.*—Errors alleged in a motion for new trial are waived by appellant's failure to discuss them in the brief.  p. 255.

2  APPEAL.—*Review.*—*Sufficiency of Evidence.*—Although the evidence in a case is sharply conflicting, the verdict can not be disturbed on the evidence, where there is sufficient evidence, if believed, to support it.  p. 255.

3. WITNESSES.—*Credibility.*—Whether a witness is to be believed or disbelieved is for the jury to determine, and its determination can not be reviewed on appeal.  p. 255.

4. CRIMINAL LAW. — *Appeal.* — *Questions Reviewable.* — *Verdict.* — Only questions of law will be reviewed on appeal, and it is only where there is no evidence to support the verdict that any question of law is presented with reference thereto, and this is true whether the conviction rests upon circumstantial or direct evidence or both.  p. 256.

5. CRIMINAL LAW.—*Trial.*—*Evidence of Conversations.*—*Examination of Witnesses.*—Where the defense on the cross-examination of a witness introduces a part of a conversation, the State may on reexamination inquire as to all that was said in such conversation, though it would be error to permit the State to do so if the defense restricts the examination to matters brought out in the original examination or to such questions as would lay the foundation for impeachment of the witness.  pp. 256, 258.

6. APPEAL.—*Review.*—*Objections to Evidence.*—Where appellant, on the cross-examination of a witness, brought out part of a conversation, his objection to the testimony of the witness on redirect examination detailing the entire conversation on the ground that it is immaterial is unavailable.  p. 257.

From Grant Circuit Court; *H. J. Paulus*, Judge.

Prosecution by the State of Indiana against William Webster Brown.   From a judgment of conviction, the defendant appeals.   *Affirmed.*

*Condo & Browne, Luther F. Pence* and *Kittinger & Diven*, for appellant.

*Thomas M. Honan* and *Thomas H. Branaman*, for the State.

ERWIN, C. J.—This is a prosecution by the State of Indiana against appellant who was indicted jointly with his son for murder in the first degree. The indictment is in three counts, each charging appellant and son with the crime of murder in the killing of one Hawkins. A separate trial was demanded and the State chose to try appellant first. This trial resulted in a conviction of voluntary manslaughter, and the punishment fixed at imprisonment in the State prison not less than two, nor more than twenty-one years.

The appellant presents but one assignment of error, viz., the overruling of his motion for a new trial. The motion for a new trial contains thirty-six alleged causes why a new trial should be granted which arise upon the ruling of the court in admitting certain evidence tendered by the State, excluding certain evidence offered by the appellant, the giving of certain instructions, and the refusal to give certain instructions tendered by appellant. Many

1. of the alleged errors are waived by appellant for failure to discuss them in his brief. The errors alleged and not waived are, (a) the verdict of the jury is contrary to law, (b) the verdict of the jury is not sustained by sufficient evidence, (c) the admission of improper evidence, (d) the exclusion of evidence tendered by appellant, (e) the giving of instructions Nos. 8, 58, 61, 63, 64, 65, 66, 83, 88.

While there is sharp conflict in the evidence in the case on many material issues, we are of the opinion that there is sufficient evidence to support the verdict if believed by the jury.

2. A matter which is for the jury to determine and its right to believe or disbelieve a witness is for its determination, and can not be

3. reviewed by this court. *Stolte* v. *State* (1888), 115 Ind. 128, 17 N. E. 258; *Indiana R.*

*Co.* v. *Wadsworth* (1902), 29 Ind. App. 586, 64 N. E. 938. Only questions of law will be reviewed by this court, and it is only where there is no evidence to support the verdict that any question of law is presented and this is true whether the conviction rests upon circumstantial or direct evidence, or both. *Thain* v. *State* (1914), 182 Ind. 345, 106 N. E. 690.

The alleged error in the admission of certain testimony given by the witness, John W. Higgs, is based upon a conversation had between said witness and one Picket in the absence of the defendant, which related to some information witness received about the tragedy immediately after Hawkins was killed. On cross-examination of this witness by the attorney for appellant, he was asked if he did not have a conversation with Picket in which it was asked if Picket had not said certain things to him, the witness, and that if in answer to said statement of Picket, he, the witness, had not made certain statements. It is contended by appellant that the questions propounded to witness were for the purpose of laying the foundation for the impeachment of the witness, Higgs, and that an explanation of what was said, or the connection in which it was said was not competent, until the defense had introduced some evidence to contradict or to show that the statement was made as claimed by the defense. This witness had testified that he was in the employ of the traction company and that he heard appellant calling to some one and heard him use a vile epithet and that this was only a few minutes before Hawkins was killed. That a minute or two afterwards one Picket came in and informed him that someone was killed without giving the conversation. On cross-examination the witness was asked the following question, "I will ask you if

you didn't say to Picket at that time that he was in there, referring to this trouble here, if Picket didn't say to you, 'I heard some loud talk and swearing,' and you didn't say, 'I didn't hear anything, I don't know anything about it, the machinery was making so much noise I could not hear?' " This question was answered in the negative. It is insisted by the State that where the defense opened the door by introducing on cross-examination a part of a conversation that the State would be entitled on reexamination to all that was said in that conversation. That is undoubtedly the rule. The attorney for appellant in addition to the question propounded for the purpose of impeachment asked a number of other questions in relation to what was said by himself and Picket in that conversation, some of which was related by the witness Higgs. The attorney for the prosecution on reëxamination then asked the witness to relate all that was said between the witness and Picket, and over the objection of appellant this was permitted. It is the settled rule that where a party opens the door by introducing a part of a conversation either in direct or cross-examination, the opposing party has a right to all that was said in that conversation. *Henderson* v. *Henderson* (1906), 165 Ind. 666, 75 N. E. 269; *New York, etc., R. Co.* v. *Lind* (1913), 180 Ind. 38, 102 N. E. 449. The only objection interposed by appellant was that

6.  the evidence of what was said was immaterial.

Appellant having brought out a part of the conversation on cross-examination, can not object that what was said was not material. *Dinwiddie* v. *State* (1885), 103 Ind. 101, 104, 2 N. E. 290; *Perkins* v. *Hayward* (1890), 124 Ind. 445, 449, 24 N. E. 1033.

We have carefully examined the instructions com-

plained of, and find that the court in its instructions to the jury covered fully every phase of the case in a fair and impartial manner and no error was committed with regard to instructions.

There being no reversible error presented by the record the judgment is affirmed.

### ON PETITION FOR REHEARING.

ERWIN, J.—The attorneys for appellant in their brief on the petition for a rehearing strenuously insist that the court erred in its original opinion in this case, in holding that there was no error committed by the trial court's ruling on the admission of certain testimony, upon the reëxamination of the witness Higgs in relation to a conversation with one Picket. For the reason that appellant's counsel have misconstrued the original opinion, and to prevent others from being led into the same error, we have undertaken to elucidate more fully what we undertook to state in our original opinion.

There is no question but that if on cross-examination appellant's counsel had confined his examination to matters brought out in the original examination or to such questions as would lay the foundation for impeachment of the witness examined, that the ruling of the court in permitting the witness, Higgs, to give on reëxamination the entire conversation with Picket, would have been error. But the bill of exceptions shows that counsel for appellant not only asked the witness the impeaching question, referred to, but also propounded certain other questions which were calculated to, and did elicit from the witness parts of the conversation in question. This conversation the State originally undertook to introduce by this witness in its examination in chief, but was prevented from doing so by reason of appellant's ob-

jection. Where a party brings out by his examination of his witness a part of a conversation upon a matter material to the issues, the opposite party has a right to the whole conversation in so far as it bears upon matters in issue. *Diehl* v. *State* (1901), 157 Ind. 549, 564, 62 N. E. 51, and cases cited; *Jackson* v. *State* (1910), 167 Ala. 44, 52 South. 835; *Quigley* v. *Baker* (1897), 169 Mass. 303, 47 N. E. 1007; *Nichols* v. *Nichols* (1898), 147 Mo. 387, 48 S. W. 947. This rule also applies to conversations inquired about on cross-examination. While the question propounded for the purpose of laying the foundation for the impeachment of the witness did not open the door to the entire conversation, the other questions referred to rendered it all admissible under the rule stated, and the court for that reason did not err in admitting the testimony. Petition for rehearing is overruled.

NOTE.—Reported in 108 N. E. 861; 111 N. E. 8. See, also, under (1) 3 C. J. 1410; 2 Cyc 1014; (2) 3 Cyc 348; (3) 3 Cyc 379; 38 Cyc 1518; (4) 12 Cyc 906, 909; (5) 40 Cyc 2526; (6) 3 Cyc 245; 12 Cyc 885, 886.