## AMERICAN HOMINY COMPANY *v.* LAFORGE.

[No. 22,968.    Filed January 12, 1916.    Rehearing denied March 17, 1916.]

1. RAILROADS.—*Crossing Accidents.*—*Questions for Jury.*—*Instructions.*—In an action for personal injuries to plaintiff who was struck by a locomotive of defendant manufacturing company at the intersection of its switch track with a street on which plaintiff was traveling, it was for the jury to say whether omission either to blow the whistle, or to ring the bell, or to give any other signal of the ap-

proach of the locomotive to the street constituted negligence, and to determine what acts under the circumstances were required to constitute ordinary care; hence an instruction reciting that the complaint charged negligence in failing to blow the whistle, in failing to ring the bell and in failing to give any other signal, and stating that to recover, the plaintiff must establish one or more of said acts of negligence, etc., invaded the province of the jury and was erroneous. p. 602.

2. APPEAL.—*Review.—Refusal of Instructions.*—Instructions which, if given, would have invaded the province of the jury, were properly refused. p. 604.

From Superior Court of Marion County (90,073); *Pliny W. Batholomew*, Judge.

Action by Kenneth LaForge, by his next friend, against the American Hominy Company. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Reversed.*

*Charles Martindale*, for appellant.
*William E. Reiley*, for appellee.

LAIRY, J.—Appellee recovered a judgment against appellant on account of personal injuries resulting from a collision between a motorcycle on which appellee was riding and a small locomotive engine operated by appellant on a sidetrack at its factory on Eighteenth Street in the city of Indianapolis. It is asserted on behalf of appellant that the demurrer to the complaint should have been sustained for the reason that the facts alleged show as a matter of law that appellee was guilty of contributory negligence. From an examination of the complaint the court is convinced that there is no merit in this objection. The demurrer was properly overruled.

Several causes are assigned in the motion for a new trial, the overruling of which is assigned as error. Those presented on appeal question the rulings of the trial court in giving certain instructions and in refusing others tendered by appellant. The sufficiency

of the evidence to sustain the verdict is also questioned. It is disclosed by the pleadings and the evidence that appellant's factory grounds border Eighteenth Street on the north and that a high board fence is erected on these grounds near the north line of the street and practically parallel therewith. A switch track connecting with the belt railroad extends across Eighteenth Street into the grounds of appellant through an opening in the board fence. At the time of the accident in question appellee was riding a motorcycle along Eighteenth Street, and as he was crossing this switch track he was struck by a locomotive engine operated by appellant on this switch. The engine approached from the north, and it is alleged that appellee was unable to observe its approach by reason of the board fence until it passed through the opening in the fence and that appellant was negligent in failing to sound the whistle or ring the bell or to give other warning of its approach. It is not contended that the statutory requirements as to the giving of signals at highway crossings which are imposed by §5431 Burns 1914, §4020 R. S. 1881, could have any application to the operation of the locomotive by appellant on its private switch or that appellant was guilty of negligence *per se* by reason of a failure to comply with the provisions of that statute. On the contrary the action is based on common-law negligence in failing to use ordinary care in the giving of signals and warnings of the approach of the engine to the street.

One of the instructions of which appellant complains is No. 10 given by the court which is as follows, "The charges of negligence in the plaintiff's complaint are, first, that the defendant did not blow the whistle on its engine as it approached Eighteenth Street; second,

that the defendant did not ring the bell on its engine as it approached Eighteenth Street; third, that the defendant did not give any warning signal of the approach of its engine to Eighteenth Street, and I charge you that the plaintiff in order to recover must have shown by a fair preponderance of the evidence in this cause that the defendant's servant in running its engine was guilty of one or more of said acts of negligence which proximately caused plaintiff's injury.'' What acts are required in the exercise of ordinary care under the circumstances of a particular case is generally a question of fact for the jury. In this case it was for the jury to say what signals if any were required by ordinary prudence. It may be that reasonable care required that a bell should be rung to give warning of the engine's approach, and that a man of ordinary prudence would have regarded this as sufficient without other warning; or, it may be that a man of ordinary prudence would have regarded the sounding of the whistle as a more effectual warning and that such signal of itself would be sufficient; or, it may be that ordinary care under the facts and conditions shown required that both of these signals should be given or that some means of giving warning of the engine's approach should have been employed in addition to the signals by bell and whistle. It was for the jury to say what precautions should have been taken in the exercise of reasonable care; and the court could not rightly say or assume in instructing the jury that the failure to give any particular signal was negligence if some other signal was given. By the instruction quoted the court assumed that the failure to ring the bell was an act of negligence, and that the failure to sound the whistle was also an act of negligence. The jury was told that plaintiff's case could be sustained by proof of one or more of

these ·*acts of* ·*negligence.*   This instruction invaded the province of the jury.   The court should have permitted the jury to find as a fact what signals, if any, were required in the exercise of ordinary care in view of the facts and conditions shown by the evidence.

Appellant complains of the action of .the court in refusing to give at its request instructions Nos. 7 and 9.   Both of these instructions if given would have invaded the province of the jury and were properly refused for that reason. As the judgment must be reversed for the error in giving instruction No. 10 the court does not deem it important to pass upon the other questions presented, all of such questions depending upon the evidence.   Judgment reversed with directions to grant a new trial.

NOTE.—Reported in· 111 N. E. 8.   As. to invasion by court of the jury's province, see 14 Am. St. 36.   On violation of rule as to giving of signals as evidence of negligence towards member of public, see 8 L. R. A. (N. S.) 1063,   See, also, under (1) 33 Cyc 1103; (2) 38 Cyc 1707.