ROTH ET AL. v. VANDALIA RAILROAD COMPANY ET AL.

[No. 23,265.    Filed March 22, 1918.]

1. APPEAL.— Record.— Correctness.— Clerk's Certificate.— Conclusiveness.—Where an appellee has had time—but has failed—to show by certiorari the facts as to his contention that a judgment appearing in longhand in the transcript was not written by the clerk and that no such judgment is in the order book, such contention is of no avail, since the clerk's certificate makes the transcript import verity. p. 303.

2. JUDGMENT.—Form Required.—Great formality is not required in a judgment, where the plaintiffs take nothing and the defendants recover costs. p. 303.

3. APPEAL.—Matters Reviewable.—Briefs.—The failure of an appellee's brief to controvert the errors complained of by an appellant may be taken as a confession of such errors, and the judgment may accordingly be reversed, and the cause remanded without prejudice to either party. p. 304.

From the Marion Superior Court (95,314) ; W. W. Thornton, Judge.

Action by John H. Roth and others against the Vandalia Railroad Company and others. From a judgment for the defendants, the plaintiffs appeal. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590). Reversed.

George W. Galvin, for appellants.
Pickens, Moores, Davidson & Pickens, for appellees.

TOWNSEND, J.—This is an action by the appellants against appellees for damages for obstructing the natural channel of a stream. The jury's verdict was for the defendants, and plaintiffs appeal. The cause was submitted in the Appellate Court, August 18, 1915. Appellants' briefs were filed December 17, 1915. Appellees did nothing until eleven months and three days thereafter. They then filed a verified petition saying that they had not filed and would not file any motion

to dismiss, and asked that they be permitted to file briefs. This was granted and they filed briefs on December 29, 1916.

By their briefs appellees present two contentions only: First, that there is no judgment shown in the transcript, and therefore the appeal should be dismissed; secondly, that the transcript does not show that the original bill of exceptions containing the evidence was filed after being signed by the judge.

Appellants moved to strike appellees' briefs from the files upon the ground that the first contention above is a violation of the rules of the court, which appellees invoked in their verified petition for leave to file briefs. The Appellate Court postponed action on this until final hearing. In the meantime, the cause has come here under the Disparity Act.

In the transcript, following the verdict, there is written in longhand the mooted judgment. It is contended by the appellees that this was not written in by the clerk, and also that there is no such judgment in the order book. If this is so, appellees have had enough time to show it by *certiorari*. The certificate of the clerk makes the transcript import verity to us.

1.

It is also contended that the judgment is not sufficiently formal. Great formality is not required where plaintiffs take nothing and defendants recover costs. Even the minutes of the court transcribed into the order book ought to be nearly, if not quite, enough in such a case.

2.

Appellees' second contention is that the original bill of exceptions containing the evidence is not in the record. We hold that it is.

We are offered no further assistance by appellees than that which we have heretofore indicated. Appellants' brief contains 139 typewritten pages presenting

various questions which arise on motion for a new trial. This court has repeatedly said: " 'The neglect of an appellee to file a brief controverting the errors complained of by an appellant may be taken or deemed to be a confession of such errors, and the judgment may accordingly be reversed, and the cause remanded without prejudice to either party. This rule was not declared in the interest of an appellant, but for the protection of the court, in order to relieve it of the burden of controverting the arguments and contentions advanced for reversal, which duty properly rests upon counsel for the appellee.' " *Burroughs* v. *Burroughs* (1913), 180 Ind. 380, 103 N. E. 1, and cases there cited. Another cogent reason for invoking this rule is that the time of the court should be devoted to cases that are properly briefed. Litigants who are making a good-faith effort to help the court should not be delayed while this court attempts to perform the duties of counsel.

Judgment reversed, with instructions to grant a new trial and for further proceedings.

NOTE.—Reported in 119 N. E. 1.