PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS
RAILROAD COMPANY *v.* LINDER ET AL.

[No. 24,152.   Filed January 16, 1925.]

1. APPEAL.—*Briefs.*—*Appellee's Failure to File Regarded as
   Confession of Error.*—Where appellant's brief makes a *prima
   facie* showing of reversible error, appellee's failure to file brief
   may be taken as a confession of error, and the judgment re-
   versed on such confession. p. 569.

2. DRAINS.—*Petition.*—*Description of Lands Affected.*—*Effect of
   Insufficiency.*—*Statute.*—That a drainage petition did not de-
   scribe two-thirds of the aggregate length of the work which
   will be reported for construction or did not describe two-thirds
   in area of the lands that will be affected by the construction
   of the drain, as required by §6142f Burns' Supp. 1921, Acts
   1919 p. 492, §2½, was cause for setting aside the report of
   the drainage commissioners, on proper remonstrance, but not
   for dismissing the petition for lack of jurisdiction.   p. 570.

From Blackford Circuit Court; *Frank W. Gordon,*
Judge.

Petition by Marion Linder and others for the estab-
lishment of a drain.  From a judgment ordering the
drain established, the Pittsburgh, Cincinnati, Chicago
and St. Louis Railroad Company appeals.  *Reversed.*

*G. E. Ross,* for appellant.

PER CURIAM.—This is an appeal from a judgment
establishing and ordering the construction of a public
drain.  On August 1, 1922, appellant filed its
brief, setting out each of fourteen assignments
of errors, and stating forty-six "points" in sup-
port of its contention that the trial court committed a
number of errors for which the judgment should be re-
versed.  Counsel for appellees receipted for the tran-
script on August 29, 1922, and, after having been
granted one extension of time in which to file a brief,
asked and obtained a second extension to and including
February 5, 1923.  The record does not show that any-
thing further has been done, and although more than

two years have elapsed since the brief for appellees should have been filed, they have offered the court no assistance whatever in determining whether or not appellant's contention that the trial court erred is well founded. Where the brief on behalf of appellant makes a *prima facie* showing that reversible error was committed, this court may, in its discretion, treat the failure of appellees to file a brief, attempting to aid the court in learning whether or not reversible error in fact was committed, as a confession of errors, and may reverse the judgment as upon such a confession. *Burroughs* v. *Burroughs* (1913), 180 Ind. 380, 103 N. E. 1; Ewbank's Manual (2d. ed.) §§190, 190a.

That the drainage petition did not describe two-thirds of the aggregate length of the work as reported for construction, or did not describe two-thirds in area of the lands that would be affected by the construction of the drain as reported, in compliance with §6142f Burns' Supp. 1921, §2½, Acts 1919 p. 492, is cause for setting aside the report of the drainage commissioners, on proper remonstrance, but is not an objection that can be presented by a motion to dismiss the petition for lack of jurisdiction. *In re Gilbert* (1924), *ante* 278, 144 N. E. 551.

The judgment is reversed, with directions to sustain appellant's motion for a new trial.