REED, ADMINISTRATOR *v.* BROWN ET AL.

[No. 27,165. Filed April 3, 1939.]

418

*Herbert B. Spencer,* for appellant.

*D. F. Brooks,* and *Claude Cline,* for appellees.

Swaim, J.—The appellant, Wallace Reed, administrator of the estate of Helen M. Laudig, deceased, filed a petition to sell certain real estate to pay the debts of said estate. The appellee, Pauline C. Hicks, was made a party defendant to said proceeding as the sole surviving heir of said decedent and the appellee, Edward S. Brown, was named defendant as the holder of the record title to said real estate. The petition alleged that the said decedent had conveyed said real estate to said Brown when she was of unsound mind; that said Brown, knowing her condition, had induced her to make said conveyance without consideration, and said petition prayed that said conveyance to said Brown be set aside.

On the trial of said cause the court found the facts specially, state its conclusions of law thereon, and, in accordance with such conclusions, entered judgment for the appellees. The appellant prosecutes this appeal and assigns as error the court's three conclusions of law.

The essential facts as stated in the court's special findings were as follows: Helen M. Laudig, the decedent, prior to the year, 1935, suffered a stroke which so affected her physically and mentally that, from that time until her death, she was a person of unsound mind. Between the time she suffered said stroke and her death she transferred and assigned to appellee, Brown, various items of personal property amounting to several hundred dollars. On March 23, 1936 the said decedent executed and delivered to said Brown, without any consideration, her warranty deed for the real estate in question, subject only to the taxes thereon. At the time of the execution of said deed she was a person of unsound mind, past eighty-six years of age and in a weakened and enfeebled condition. She was induced to execute and deliver said deed by the said Brown, who then knew that she was a person of unsound mind. There-

after, on April 21, 1937, said Helen M. Laudig died, intestate, leaving as her sole and only heir her granddaughter, the appellee, Pauline C. Hicks. The personal estate of said decedent is insufficient to pay and discharge the debts. and liabilities of her estate, which debts consist of funeral expenses, taxes, and costs of administration.

The court thus found sufficient facts to make the conveyance from the decedent to said Brown voidable and to authorize an order for the sale of the real estate belonging to the estate to pay the debts.

The record shows that the appellees failed to file their brief within the time allowed by the rules of this court and that a petition to file such brief thereafter was denied. We are, therefore, required to reverse the judgment herein if appellant's brief makes a *prima facie* showing of reversible error. *Bryant* v. *School Town of Oakland City* (1930), 202 Ind. 254, 255, 173 N. E. 268.

Under the facts as specially found by the court the deed from the decedent, Helen M. Laudig, to the appellee, Brown, was voidable. She was old, feeble and of unsound mind. Knowing her condition the said appellee induced her to make the conveyance herein which was without any consideration. A grantor being of unsound mind does not have the mental capacity to make a valid deed even to an innocent purchaser for a consideration. Where the grantee, knowing the mental incapacity of the grantor, procures a deed without any consideration, fraud will be presumed and a suit may be brought to set aside such a conveyance without any formal disaffirmance or demand. In the case of *Barkley* v. *Barkley* (1914), 182 Ind. 322, 327, 106 N. E. 609, this court held that when property has been obtained by means of a fraudulent, voidable contract, and the vendor has received no con-

sideration for it, the bringing of an action to reclaim the property is a sufficient disaffirmance of the contract. In the case of *Wells* v. *Wells* (1926), 197 Ind. 236, 247, 150 N. E. 361, this court in deciding that a demand was ·not necessary said, "But why deal so gently with one who acquired property by fraud? Why manifest such tender regard for one who has procured a conveyance from an insane person, knowing the grantor's mental infirmity? The law does not require it."

In the instant case the appellee, Pauline C. Hicks, the sole heir of the decedent, could clearly have maintained an action to set aside the conveyance in question.

The only remaining question for our determination is whether such action could be maintained by the appellant, as administrator of the decedent's estate, as an incident of a proceeding to sell real estate to pay debts.

Title to a decedent's real estate descends directly to his heirs or to the beneficiaries under his will, subject only to the statutory right of sale, by the administrator or executor, to pay debts when the available personal property of such estate is insufficient to pay such debts. Ordinarily the heir or beneficiary is the only party who can maintain an action to set aside a voidable conveyance made by the decedent during his lifetime. An exception to this rule is the case where it is necessary, in order to secure funds to pay the debts of the estate, to sell such real estate. Then the administrator, as an incident to his proceeding to sell such real estate, may, on proper allegations and proof, be entitled to have such a voidable conveyance set aside. *Galentine* v. *Wood, Admr.* (1893), 137 Ind. 532, 536, 35 N. E. 901; *Jerrell, Sheriff* v. *Brubaker, Admr.* (1898), 150 Ind. 260, 264, 49 N. E. 1050.

Sec. 6-1107 Burns 1933, being §3144 Baldwin's 1934, provides that "If the personal estate of a decedent shall be insufficient for the payment of the liabilities

thereof, the real estate of the deceased, if any, shall be sold to make assets for the payment of such liabilities." The next section of the statute, §6-1108 Burns 1933, being §3146 Baldwin's 1934, provides, "The real estate liable to be sold for the payments of debts, when the personal estate shall be insufficient therefore, shall include:

"First. All the real estate held or possessed by the deceased at the time of his death by legal or equitable title . . . *and all interests in real estate which would descend to his heirs.*

\* \* \*

"Third. All lands, and any interest therein, which the deceased, in his lifetime, may have transferred with intent to defraud his creditors." (Our italics.)

A right to have a deed, procured by fraud from a decedent, set aside is a right which survives and on the death of the decedent passes to his heirs. ■ This constitutes an interest in real estate which would descend to the decedent's heirs and could therefore be sold under the first provision of the above statute. The third provision of the above statute in no sense limits the first provision but, instead, provides for the sale of real estate in which neither the decedent nor his heirs have any claim. Where a person in his lifetime make a conveyance in fraud of his creditors, the creditors may have such conveyance set aside, but neither the person during his lifetime nor his heirs, after his death, could maintain such an action. Real estate so fraudulently conveyed could, therefore, not be sold by the administrator under the first section of said statute because said section provides only for the sale of real estate which the decedent owned or in which he owned such an interest as would descend to his heirs. The third section is, therefore, the only sec-

tion which provides for the sale of real estate fraudulently conveyed by the decedent.

In the instant case the facts as found by the court establish the right of the administrator to sell real estate to pay debts and show that the conveyance to appellee, Brown, was voidable because of its having been procured by fraud. The court should, therefore, have set aside said conveyance and have ordered said real estate sold. The fact that the debts were not the debts of the decedent is immaterial in a case of a conveyance procured by fraud. Of course, in the case of a conveyance in fraud of creditors it would be necessary to show debts existing at the time of the conveyance in order to show that there were creditors defrauded by the conveyance. Where the conveyance, however, is voidable by reason of fraud in obtaining it from the decedent the administrator, in order to have it set aside, need show only such debts of the estate as would justify his selling real estate. Real estate may be sold by an administrator to pay the funeral expenses of the decedent or even the expenses of administration. *Falley* v. *Gribling* (1890), 128 Ind. 110, 26 N. E. 794. It is inconceivable that one who has obtained the property of an aged person by fraud should be permitted to hold such property as against an administrator who is attempting to sell the property to obtain sufficient funds to pay the funeral expenses of the defrauded person. In the instant case it cannot be questioned that the heir, on the facts found by the court, could have had said conveyance set aside. It is clear, also, that the court could then have ordered the real estate sold by said administrator to pay the debts. The law does not require these two actions. The administrator should have been permitted to accomplish this same result in the one action.

The record fails to disclose the filing of an inventory

and appraisement of the real estate in question. Such inventory, appraisement and oath of the appraisers should be filed pursuant to the statute before an order of sale is entered.

The judgment is reversed with instructions to the trial court to restate his conclusions of law and enter judgment not inconsistent with this opinion.

Roll, J., absent.