MEADOWS ET AL. *v.* HICKMAN ET AL.

[No. 28,281. Filed June 10, 1947.]

*Morton & Tumbove, Symes, Fleming & Symes,* all of Indianapolis, and *Harold Meloy,* of Shelbyville, for appellants.

*George L. Stubbs* and *Sumner Terry,* both of Shelbyville, for appellees.

STARR, J.—This is an appeal from the Circuit Court of Shelby County from an interlocutory order appointing a receiver. Appellees have not filed a brief in support of the judgment of the trial court. This court has well said:

"The neglect of an appellee to file a brief controverting the errors complained of by an appellant may be taken or deemed to be a confession of such errors, and the judgment may accordingly be reversed, and the cause remanded without prejudice to either party. This rule was not declared in the interest of an appellant, but for the protection of the court, in order to relieve it of the burden of controverting the arguments and contentions advanced for reversal, which duty properly rests upon counsel for the appellee." *Miller* v. *Julian* (1904), 163 Ind. 582, 584, 72 N. E. 588.

Again it has been said:

"Another cogent reason for invoking this rule is that the time of the court should be devoted to cases that are properly briefed. Litigants who are making a good-faith effort to help the court should not be delayed while this court attempts to perform the duties of counsel." *Roth* v. *Vandalia R. Co.* (1918), 187 Ind. 302, 119 N. E. 1.

See also *Deatrick* v. *Lawless* (1923), 193 Ind. 327, 139 N. E. 587; *City of Shelbyville* v. *Adams* (1916), 185 Ind. 326, 114 N. E. 1; *Brown* v. *State* (1915), 184 Ind. 254, 108 N. E. 861, 111 N. E. 8; *Burroughs* v. *Burroughs* (1913), 180 Ind. 380, 103 N. E. 1.

The rule herein announced is not for the benefit of the appellants but for the protection of the court and whether it shall be invoked is discretionary with the court.

The rule will not be invoked unless the appellants' brief makes an apparent or *prima facie* showing of reversible error. *Pittsburg, etc., R. Co.* v. *Linder* (1925), 195 Ind. 569, 145 N. E. 885; *Bryant* v. *School Town of Oakland City* (1930), 202 Ind. 254, 171 N. E. 378, 173 N. E. 268; *Reed, Admr.* v. *Brown* (1939), 215 Ind. 417, 19 N. E. (2d) 1015. In our opinion appellants' brief does make such a showing.

The order appointing a receiver is hereby reversed and the trial court is directed to vacate the same without prejudice to either party and the cause is remanded for further proceedings.

Emmert, J., not participating.

NOTE.—Reported in 73 N. E. (2d) 343.