## HUFFMAN v. HUFFMAN

[No. 17,603.   Filed October 24, 1947.]

*Charles A. Lowe,* of Lawrenceburg, for appellant.

*Crawford A. Peters,* of Aurora, for appellee.

CRUMPACKER, P. J.—The appellee was granted a divorce from the appellant by the Dearborn Circuit Court but, for reasons which we can only surmise, he has not favored us with a brief in support of the judgment he obtained below.

As late as June 19, 1947, the Supreme Court in *Meadows* v. *Hickman* (1947), 225 Ind. 146, 73 N. E. (2d)

343, re-affirmed the rule announced in *Miller* v. *Julian* (1904), 163 Ind. 582, 72 N. E. 588, which we quote as follows: "the neglect of an appellee to file a brief controverting the errors complained of by an appellant may be taken or deemed to be a confession of such errors, and the judgment may accordingly be reversed, and the cause remanded without prejudice to either party. This rule was not declared in the interest of an appellant, but for the protection of the court, in order to relieve it of the burden of controverting the arguments and contentions advanced for reversal, which duty properly rests upon counsel for the appellee."

The application of this rule, however, has been restricted to those appeals in which the appellant's brief makes an apparent or *prima facie* showing of reversible error. *Meadow* v. *Hickman, supra; Pittsburgh, etc. R. Co.* v. *Linder* (1925), 195 Ind. 569, 145 N. E. 885; *Bryant* v. *School Town of Oakland City* (1930), 202 Ind. 254, 171 N. E. 378, 173 N. E. 268; *Reed, Admr.* v. *Brown* (1939), 215 Ind. 417, 19 N. E. (2d) 1015.

We adopt and apply the rule without hesitancy in the present case because it involves the dissolution of a marriage through an unjustifiable liberality in the determination of what facts constitute "cruel and inhuman treatment" within the meaning of our statutes concerning divorce. This statement is prompted entirely by the showing made in the appellant's brief and if we are wrong in so concluding it is because we do not conceive it to be our duty to perform a service for the appellee which properly rests upon his counsel. *Roth* v. *Vandalia R. Co.* (1918), 187 Ind. 302, 119 N. E. 1.

The error relied upon by the appellant is the overruling of her motion for a new trial, which motion counts upon the insufficiency of the evidence to support

the decision. The sole ground for divorce alleged in appellee's complaint is cruel and inhuman treatment. The narrative statement of the evidence, as set out in the appellant's brief and viewed with all the liberality justified through sympathy for young people joined in incompatible marriage, contains no evidence whatever of cruel and inhuman treatment. There is a *prima facie* showing of reversible error and the judgment herein is therefore reversed without prejudice to either party and the cause is ordered remanded to the Dearborn Circuit Court with instructions to grant the appellant's motion for a new trial.

NOTE.—Reported in 75 N. E. (2d) 172.