NOTE.—Reported in 129 N. E. 2d 376.

BOARD OF COMMISSIONERS OF THE COUNTY OF CLARK ETC. *v.* PEYTON.

[No. 18,636. Filed October 21, 1955.]

*Jonas G. Howard,* of Jeffersonville, and *Paul R. Schnaitter,* of Madison, for appellant.

BOWEN, J.—This is an appeal from a judgment in an action based upon a claim filed by the appellee and denied by the appellant, Board of Commissioners of Clark County, Indiana. Issues were joined upon the claim of appellee and the judgment of the Commissioners denying it. Trial was had by the court and the court rendered judgment for appellee in the sum of $800.00 and costs.

Following the filing of the transcript and briefs by the appellant in this cause, appellee's counsel, Claude B. McBride, filed a verified petition with this court in which it is stated that the appellee has decided not to defend this appeal and such counsel asked permission to withdraw from such case, which permission was granted by this court.

The record shows that no answer brief on behalf of appellee has been filed as required by Rule 2-15, Rules of the Supreme Court. The failure of an appellee to file a brief may be deemed to be a confession of such errors asserted by appellant and the cause may be

remanded without prejudice to either party. As it has been repeatedly stated, this rule is not for the benefit of the appellant but for the protection of the court, and whether it shall be invoked is discretionary with the court and such rule is applied only where the appellant's brief makes a prima facie showing of reversible error. As stated by our Supreme Court in several cases:

> "Another cogent reason for invoking this rule is that the time of the court should be devoted to cases that are properly briefed. Litigants who are making a good-faith effort to help the court should not be delayed while this court attempts to perform the duties of counsel."

*Roth* v. *Vandalia R. Co.* (1918), 187 Ind. 302, 119 N. E. 1; *Meadows* v. *Hickman* (1947), 225 Ind. 146, 73 N. E. 2d 343; *Consolidated Holding* v. *Anweiler* (1954), 125 Ind. App. 142, 122 N. E. 2d 905; *State ex rel. Board, etc.,* v. *Stucker* (1953), 232 Ind. 76, 111 N. E. 2d 714; *Reed* v. *Brown* (1939), 215 Ind. 417, 19 N. E. 2d 1015. See also *Deatrick* v. *Lawless* (1923), 193 Ind. 327, 139 N. E. 587; *City of Shelbyville* v. *Adams* (1916), 185 Ind. 326, 114 N. E. 1; *Brown* v. *State* (1915), 184 Ind. 254, 108 N. E. 861, 111 N. E. 8; *Burroughs* v. *Burroughs* (1913), 180 Ind. 380, 103 N. E. 1; *Brown* v. *Montgomery* (1955), 125 Ind. App. 395, 125 N. E. 2d 37; *Pittsburg, etc., R. Co.* v. *Linder* (1925), 195 Ind. 569, 145 N. E. 885; *Bryant* v. *School Town of Oakland City* (1930), 202 Ind. 254, 171 N. E. 378, 173 N. E. 268.

After an examination of the record and the brief of appellant, this court is of the opinion that appellant's brief makes a prima facie showing of reversible error.

The judgment in this cause is therefore reversed and remanded to the trial court without prejudice to either appellant or appellee, and with instructions to the trial

646

court to sustain appellant's motion for a new trial, and for further proceedings.

NOTE.—Reported in 129 N. E. 2d 372.