MILTO *v.* RICHARDSON

[No. 18,695.  Filed January 10, 1956.]

*Willis K. Kunz* and *Halbert W. Kunz,* both of Indianapolis, for appellant.

KENDALL, J.—Appellant brought suit in the lower court against appellee for damages alleged to have been sustained as a result of an automobile collision at a street intersection.

At the close of appellant's case, appellee filed motion for a directed verdict which was sustained, upon which judgment was rendered.

Motion for new trial was overruled, the specifications of which are that the verdict is not sustained by sufficient evidence and is contrary to law.

Among the acts of negligence charged are the following:

   (a)  Failure to stop in obedience to an automatic traffic signal;

   (b)  Failure to keep appellee's automobile under control.

Briefly there is evidence that appellant observed two automatic signal lights facing him on the southeast and northwest corner which were red at the time when he first approached and stopped; that there were two other lights at the intersection located on the northeast and southwest corner thereof; that appellant approached the intersection in question in the middle traffic lane on the east side of East Street; that, in so doing, he stopped and remained in that position until he observed the red traffic signal turn green and then proceeded to start forward, soon observing the headlights of appellee's car proceeding from the west on McCarty Street, going east; that the color of the light facing appellant had been and still was green at the time of the accident.

The appellee was driving a DeSoto car.

A witness who was not a party to the accident was asked the following questions, and answers were given respectively:

"Q. Are you in a position to state, at the present time, as to which, if any of them, did?
"A. I would say the DeSoto ran the red light.
"Q. Are you definite about that?
"A. Yes, I am."

The question presented is whether the trial court erred in giving the peremptory instruction to the jury. Such an instruction should not have been given unless there was a total lack of evidence upon some essential point or where there is no conflict in the evidence and was susceptible of but one inference and that inference being favorable to the moving party asking the instruction.

The record reveals that appellee petitioned this court for two separate extensions of time within which to file a reply brief, both of which extensions were granted. The record further reveals that after securing the two extensions, appellee failed to file an answer brief, as required by Rule 2-15 of the Supreme Court.

The failure of an appellee to file a reply brief may be deemed to be a confession of error as asserted by appellant, and the cause may be remanded without prejudice to either party. It has been often stated that this rule is not for the benefit of the appellant but for the protection of the court, and whether it shall be invoked is discretionary with the court and such rule is applied only where appellant's brief makes a *prima facie* showing of reversible error.

In the case of *Meadows* v. *Hickman* (1947), 225 Ind. 146, 73 N. E. 2d 343, the Supreme Court said:

" 'Another cogent reason for invoking this rule is that the time of the court should be devoted to cases that are properly briefed. Litigants who are making a good-faith effort to help the court should not be delayed while this court attempts to perform the duties of counsel. *Roth* v. *Vandalia R. Co.* (1918) 187 Ind. 302, 119 N. E. 1'." *Bd. of Comm. of the County of Clark, et al.* v. *Peyton* (1955) 125 Ind. App. 643; 129 N. E. 2d, 372, and cases cited therein.

Considering the evidence as presented, this court is of the opinion that appellant's brief makes a *prima facie* showing of reversible error.

Judgment reversed and cause remanded to the trial court without prejudice to either appellant or appellee and with instructions to the trial court to sustain appellant's motion for new trial.

NOTE.—Reported in 131 N. E. 2d 151.