## WILSON v. WILSON.

[No. 18,748.   Filed February 7, 1956.]

*Jerrald O. Finney*, of Anderson, for appellant.

KENDALL, J.—Petition was filed by appellant in the lower court to modify a prior court order as to the custody of a minor child belonging to the respective parties. The court found for the appellee at the conclusion of appellant's evidence denying appellant's petition for modification as prayed for.

The appellant's petition alleged a change of conditions in her behalf since the rendition of the previous award wherein the child's custody was granted appellee in that appellant now had a suitable and proper home to raise the child; that she could devote her full time and attention to the rearing of the child; that the appellee had caused said child to be cared for in four to five different homes in Indiana and Ohio; that the appellant's mother would testify that a written statement she made at or about the time of the award was made to appellee contained false statements.

The record reveals that a divorce was granted by default to appellee in April, 1949; that in the divorce decree no order was made in reference to the custody of the child; that prior to the divorce, the parties had entered into a written agreement to the effect that the appellant should have the custody of the child. The evidence revealed that at the time of granting the divorce, the appellant and the child were living in Texas with appellant's mother; that appellant had the custody of the child until November 1, 1949, and, while on a three-day wedding trip, the child was taken by appellant's mother to Indiana without the consent or knowledge of appellant; that in January, 1950, appellee filed a petition for custody resulting in the award in his favor. At that time appellant was in Texas. She was not notified of the filing of the petition or date of hearing except the record does disclose notice was given by publication. In September, 1950, appellant filed a petition to modify the award made in January, 1950, which was denied by the court. Appellee filed no answer to the petition now under consideration. Appellant further argues in her brief that the trial court further erred at the time of awarding custody to appellee in

1950 on account of not having jurisdiction over the appellant and child.

Briefly, the evidence reveals that appellant was not served with proper notice of the hearing for custody of the child although appellee knew where appellant could be reached at that time in Texas; that at the time of the filing of the first petition for custody, the appellant was living with her in-laws, but now owned her own home; that her present husband was a truck driver, earning about Eighty ($80.00) Dollars per week; that the appellee is likewise married the second time; that appellant was not employed and could devote her full time to the rearing of the child; that she never consented for the child to be taken either to Indiana or Ohio; that the appellee had boarded the child in a number of homes for four to five years immediately preceding the hearing upon this petition. The appellee testified as a witness for appellant, stating that he had left the child with friends in Chillicothe, Ohio for four months; that he moved back to Anderson and left the child with some friends for about a year and a half; that he left the child in Indianapolis for about one year, and in Maxwell, Indiana, for about a year and a half, during which periods of time he did not live in the various homes himself.

The appellant's mother who had executed the written statement herein-referred to testified that she lived in Texas and was there in 1949 when appellant and the child came to make their home with her; that while there the appellant took good care of the child but that the witness did not want appellant to remarry and to leave her; that when appellant did remarry, she (appellant's mother) brought the child to Indiana and turned the child over to appellee; that prior to the bringing of the child to Indiana, she had written a

statement and either gave it to appellee or to his counsel wherein she made derogatory remarks about appellant. In reference to the statements made in appellant's petition for modification, the mother's testimony is best revealed by the following evidence:

"Q: Did you execute a letter in connection with the child while you were up here?

"A: No, I sent it before I came.

"Q: You prepared the letter before you came?

"A: Yes . . .

"Q: What did you say in that letter?

"A: Well, it has been quite a long time; very little in it that I remember.

"Q: Did you say, in that letter, derogatory things concerning your daughter's care of the child?

"A: I did, but I was mad and angry.

"Q: And those were untrue?

"A: They were untrue.

. . .

　　　. . .

"Q: Then you are telling the court today that that letter pleaded before was a false statement?

"A: Yes; I was going on hearsay and was mad at both of them.

. . .

　　　. . .

"Q: Did you have any authority from Mrs. Brown (petitioner) to bring the child to Indiana?

"A: No, I did not.

"Q: Did you have any reason to do it except that you were angry?

"A: Not at all."

In the hearing of this petition the appellee was represented by able counsel; however, on appeal this court has not been favored with an answer reply brief on behalf of appellee as required by Rule 2-15 of the Supreme Court.

Failure of an appellee to file an answer reply brief may be deemed to be a confession of error as asserted by appellant, and the cause may be remanded without prejudice to either party. It has often been stated that this rule is not for the benefit of appellant but for the protection of the court, and, whether it should be invoked is discretionary with the court and such rule is applied only where appellant's brief makes a prima facie showing of reversible error. *Meadows* v. *Hickman* (1947), 225 Ind. 146, 73 N. E. 2d 343; *Roth* v. *Vandalia R. Co.* (1918), 187 Ind. 302, 119 N. E. 1; *Board of Commissioners of County of Clark* v. *Peyton* (1955), 125 Ind. App. 643, 129 N. E. 2d 372, and cases cited therein; *Milto* v. *Richardson* (1956), 126 Ind. App. 148, 131 N. E. 2d 151; *Baker* v. *Baker* (1951), 121 Ind. App. 564, 100 N. E. 2d 900.

Considering the evidence that if appellant is granted custody of the child, she would be in a position to devote her full time to the rearing of the child, that she had a suitable home to raise the child, together with the facts which are uncontradicted that appellee had boarded the child in several different homes in Indiana and Ohio over a period of four to five years, and that appellant's mother admitted that the statements she executed contained false statements regarding appellant, which written statement was made prior to the order of court sought to be modified by appellant, this court is of the opinion that appellant's brief makes a prima facie showing of reversible error in view of the above decisions.

Judgment reversed, cause is remanded to the trial court without prejudice to either appellant or appellee, and with instructions to the trial court to set aside the findings and judgment made in this proceeding

and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 131 N. E. 2d 658.