129 Ind. App. 455 (1959)
157 N.E.2d 308
MUCKER, ADMINISTRATOR ETC.
v.
PUBLIC SERVICE COMMISSION OF INDIANA.
No. 19,153.
Court of Appeals of Indiana.
Filed April 7, 1959.
*456 Robert A. Mucker, of Lafayette, for appellant.
Edwin K. Steers, Attorney General, for appellee.
COOPER, C.J.
This is a review from a proceeding before the Public Service Commission of Indiana by the appellant for a reinstatement of Certificate of Public Convenience and Necessity No. 4930-A, 1. Decedent died on September 15, 1955. On September 26, 1955, the American Fletcher National Bank and Trust Company was appointed as administrator of the Estate of John Charlesworth, deceased. Upon Petition, on March 28, 1956, the Letters of Administration issued to American Fletcher National Bank and Trust Company were ordered revoked. On December 11, 1956, Letters of Administration were issued to appellant.
On October 23, 1956, a notice of citation for failure to file an annual report was sent by certified mail to John Charlesworth, which notice was received by R.W. Snell, who signed the return receipt John Charlesworth by R.W. Snell. On December 7, 1956, without any notice to the then Administrator, the appellee on default of John Charlesworth revoked the Certificate No. 4930-A, 1. On August 28, 1957, an amended petition was filed with appellee for reinstatement of said Certificate because of failure to give notice. On October 16, 1957, said Petition was denied by appellee. On November 14, 1957, a Petition for Reconsideration and Rehearing was filed, which Petition was denied on January 10, 1958, and this appeal followed.
The record also reveals that one O.R. Living-house *457 appeared for Indiana Railroads, a protestant against said Commission, reinstating said Certificate of Public Convenience and Necessity.
A review of the statutes concerning the Public Service Commision of Indiana discloses that it is represented in litigation in all suits to which the Commission is a party by the Attorney General of the State of Indiana. Sec. 54-106, Burns' 1951 Replacement.
We are of the opinion that the general and majority rule indicates that in a case wherein the Public Service Commission initiates a proceeding in a manner ex parte, as is the case now before us, it is proper to name the said Commission as the appellee upon appeal. Sec. 178, p. 523, 73 C.J.S., Public Administrative Bodies and Procedure. Thus, it would appear that the protestant attorney or the Attorney General should have represented the Commission in this appeal.
The record further reveals that neither the attorney for the protestant, Indiana Railroads, or the Attorney General has filed a brief in support of the said Commission's order denying reinstatement of said Certificate of Public Convenience and Necessity.
It is well settled in Indiana that the neglect of the appellee to file a brief controverting the errors complained of by an appellant may be taken, or deemed to be a confession of such error, or errors, and that the judgment may accordingly be reversed and the cause remanded without prejudice to either party. This rule was not declared in the interests of an appellant but for the protection of the Supreme or Appellate Courts, in order to relieve said Courts of the burden of controverting the arguments and contentions advanced by appellant for reversals *458 where such duty properly rests upon counsel for the appellee. Wilson v. Wilson (1956), 126 Ind. App. 218, 131 N.E.2d 658; Meadows v. Hickman (1947), 225 Ind. 146, 73 N.E.2d 343; Milto v. Richardson (1956), 126 Ind. App. 148, 131 N.E.2d 151, and authorities cited.
It has also been said by our Supreme Court in the case of Roth v. Vandalia R. Co. (1918), 187 Ind. 302, 119 N.E. 1, that:
"Another cogent reason for invoking this rule is that the time of the court should be devoted to cases that are properly briefed. Litigants who are making a good-faith effort to help the court should not be delayed while this court attempts to perform the duties of counsel."
See also Deatrick v. Lawless (1923), 193 Ind. 327, 139 N.E. 587; City of Shelbyville v. Adams (1916), 185 Ind. 326, 114 N.E. 1; Brown v. State (1915), 184 Ind. 254, 108 N.E. 861; Burroughs v. Burroughs (1913), 180 Ind. 380, 103 N.E. 1.
The rule will not be invoked unless the appellant's brief makes an apparent or prima facie showing of reversible error. Pittsburgh, etc., R. Co. v. Linder (1925), 195 Ind. 569, 145 N.E. 885; Bryant v. School Town of Oakland City (1930), 202 Ind. 254, 171 N.E. 378; Reed, Admr. v. Brown (1939), 215 Ind. 417, 19 N.E. 1015.
In our opinion, an examination of appellant's brief exhibits the presence of errors in the ruling, order and final decision of said Commission and that the proceedings leading thereto were of such substance as to warrant a reversal of the order.
Reversed and remanded without prejudice.
Ryan, J., not participating.
NOTE.  Reported in 157 N.E.2d 308.