CHICAGO, MILWAUKEE, ST. PAUL & PACIFIC RAILROAD
ETC. *v.* PUBLIC SERVICE COMMISSION OF INDIANA ET AL.

[No. 19,172. Filed June 18, 1959.]

*John H. Beasley,* of Terre Haute, *Louis A. Highmark, George J. Zazas, Kurt F. Pantzer, Jr.* and *Barnes, Hickam, Pantzer & Boyd,* of counsel, all of Indianapolis, for appellant.

COOPER, J.—This is a judicial review from a proceeding before the Public Service Commission of Indiana wherein appellant, Chicago, Milwaukee, St. Paul and Pacific Railroad Company, petitioned the Commission for authority to discontinue the operation of its Passenger Trains No. 101 and No. 104, referred to commonly as the "Miners' Trains", between Maple Avenue Station, Terre Haute, Indiana, and Talleydale Mine, Vigo County, Indiana. An order was entered by the Commission on February 21, 1958, denying such petition, from which order appellant perfected its appeal to this Court pursuant to §§54-443 to 54-453, Burns' 1951 Replacement, 1957 Pocket Part. During the pendency of the appeal, and upon the petition of the appellant, the cause was returned to the Commission for further hearings on the sole subject of the amount of loss suffered by appellant as a result of the rendering of this service.

On November 26, 1958, after hearing such evidence, the Commission entered its further order, adhering to its original order. The Commission returned the transcript of proceedings on remand to this court on December 1, 1958.

The final finding and order entered by the Commission reads as follows:

"IT IS THEREFORE ORDERED BY THE PUBLIC SERVICE COMMISSION OF INDIANA that the petition of the Chicago, Milwaukee, St. Paul and Pacific Railroad Company be, and the same is, hereby denied and dismissed; that said petitioner is hereby ordered to continue normal operation of its Passenger Trains Nos. 101 and 104."

The record before us reveals that among those resisting the appellant's petition before the Commission, and properly made party appellees herein, were: United Mine Workers of America; Earl Meneely, Oscar Hooker, Joe Britton, Russell Montgomery, Louis Sills, Tom Meneely, Joe Lemont, Dave Lumsdon, Harvey Cartwright, Con Hayne, Frank Snoddy, William Hankins, Orval Ambs, Joe Johnson, George Bennington, Leon Fengumi, Dave Evans, Charles Hope, Barrett Smith, Herbert Crow, Jack Pickett, Harvey Smith, Charles Lumsdon, and Archie Frew, individually, and as representative of all members of the United Mine Workers of America, too numerous to mention; Brotherhood of Railroad Trainmen; Ray C. Gilbert, individually, and as representative of all members of Brotherhood of Railroad Trainmen, too numerous to mention; Order of Railway Conductors; J. B. (Christian name unknown) Cooper, individually, and as representative of all members of Order of Railway Conductors, too numerous to mention; Brotherhood of Locomotive Engineers; J. W. (Christian name unknown) Dungan, individually and as representative of all members of Brotherhood of Locomotive Engineers, too numerous to mention; Brotherhood of Railroad Clerks; H. T. (Christian name unknown) Zwally, individually, and as representatives of all members of Brotherhood of Railroad Clerks, too numerous to mention; Brotherhood of Locomotive Firemen and Enginemen; R. M. (Christian name unknown) Rice, individually, and as representative of all members of Brotherhood of Locomotive Firemen and Enginemen, too numerous to mention.

We also note from the record that the Public Service Commission of Indiana, John G. VanNess, Ira L. Hay-

maker and Garland G. Skelton, as members of the Public Service Commission of Indiana, are erroneously named as party appellees herein. The members of the said Commission constitute the fact-finding administrative Board from which this appeal is being taken, and are not parties to the Order whose interests are adverse to that of the appellants, and should not be named as appellees, under Rule 2-6 of the Supreme Court, in this particular appeal. The same applies to George L. Diven, as Public Counselor, and Frank L. Harlor, as Assistant Public Counselor, also named as party appellees herein. See *Lafayette Chapter, etc.* v. *City of Lafayette* (1959), 129 Ind. App. 425, 157 N. E. 2d 287.

For some reason unknown to this court, none of the proper above-named appellees has seen fit to appear and defend the Order heretofore made by said Commission or to file a brief in support of the Commission's final order in denying the appellant's petition.

As we have heretofore stated in the case of *Mucker, Adm. etc.* v. *Pub. Serv. Comm. of Ind.* (1959), 129 Ind. App. 455, 157 N. E. 2d 308, that it is well settled in Indiana that the neglect of the appelleee, or other persons named in ch. 189, Acts of 1957, §§3 and 4, to file a brief controverting the errors complained of by an appellant may be taken, or deemed to be a confession of such error or errors, and that the judgment may accordingly be reversed and the cause remanded without prejudice to either party.

This rule was not declared in the interests of an appellant but for the protection of the Supreme or Appellate Courts, in order to relieve said courts of the burden of controverting the arguments and contentions advanced by appellant for reversals where such duty properly rests upon counsel for the appel-

lee. *Wilson* v. *Wilson* (1956), 126 Ind. App. 218, 131 N. E. 2d 658; *Meadows* v. *Hickman* (1947), 225 Ind. 146, 73 N. E. 2d 343; *Milto* v. *Richardson* (1956), 126 Ind. App. 148, 131 N. E. 2d 151, and authorities cited.

It has also been said by our Supreme Court in the case of *Roth* v. *Vandalia R. Co.* (1918), 187 Ind. 302, 119 N. E. 1, that:

> "Another cogent reason for invoking this rule is that the time of the court should be devoted to cases that are properly briefed. Litigants who are making a good-faith effort to help the court should not be delayed while this court attempts to perform the duties of counsel."

See also *Deatrick* v. *Lawless* (1923), 193 Ind. 327, 139 N. E. 587; *City of Shelbyville* v. *Adams* (1916), 185 Ind. 326, 114 N. E. 1; *Brown* v. *State* (1915), 184 Ind. 254, 108 N. E. 861; *Burroughs* v. *Burroughs* (1913), 180 Ind. 380, 103 N. E. 1.

The rule will not be invoked unless the appellant's brief makes an apparent or prima facie showing of reversible error. *Pittsburgh, etc., R. Co.* v. *Linder* (1925), 195 Ind. 569, 145 N. E. 885; *Bryant* v. *School Town of Oakland City* (1930), 202 Ind. 254, 171 N. E. 378; *Reed, Admr.* v. *Brown* (1939), 215 Ind. 417, 19 N. E. 2d 1015.

In our opinion, the appellant's brief makes apparent the presence of errors in the ruling, order and final decision of said Commission in the respects asserted in the brief, and the same are of such substance as to warrant a reversal of the Order.

Reversed and remanded, without prejudice.

NOTE.—Reported in 159 N. E. 2d 288.