YOUNG ET AL. *v.* SCHREINER.

[No. 19,224. Filed October 22, 1959.]

*Robert F. Wernle* and *Richard O. Ristine,* both of Crawfordsville, for appellants.

*Anthony Watts,* of Crawfordsville, for appellee.

KELLEY, J.—Appellants brought an action by complaint in two paragraphs against the appellee to enjoin him from obstructing an easement for roadway and from unlawfully obstructing a public roadway. The appellee filed appropriate answer and a cross-complaint seeking to quiet title to the easement and highway involved.

Upon the issues being properly closed, the cause was submitted to the court, without the intervention of a jury. Thereafter, the trial court found for the appellee and against the appellants; that the appellants were not entitled to a permanent injunction; that the appellee was entitled to maintain a fence along the north line of the real estate in question and that the title to said real estate be quieted in appellee. Consistent judgment was rendered. Thereafter, appellants filed their motion for a new trial and supplemental motion for new trial, which said motions were each overruled.

Appellee has failed to appear or file a brief in support of the trial court's decision or controverting the errors complained of by the appellant.

In *Mucker, Admr. etc.* v. *Pub. Svc. Comm. of Ind.* (1959), 129 Ind. App. 455, 157 N. E. 2d 308, it was said:

"It is well settled in Indiana that the neglect of the appellee to file a brief controverting the errors complained of by an appellant may be taken, or deemed to be a confession of such error, or errors, and that the judgment may accordingly be reversed and the cause remanded without prejudice to either party. This rule was not declared in the interests of an appellant but for the protection of the Supreme or Appellate Courts, in order to relieve said Courts of the burden of controverting the arguments and contentions advanced by appellant for reversals where such duty properly rests upon counsel for the appellee. *Wilson* v. *Wilson* (1956), 126 Ind. App. 218, 131 N. E. 2d 658; *Meadows* v. *Hickman* (1947), 225 Ind. 146, 73 N. E.

2d 343; *Milto* v. *Richardson* (1956), 126 Ind. App. 148, 131 N. E. 2d 151, and authorities cited.

"It has also been said by our Supreme Court in the case of *Roth* v. *Vandalia R. Co.* (1918), 187 Ind. 302, 119 N. E. 1, that:

" 'Another cogent reason for invoking this rule is that the time of the court should be devoted to cases that are properly briefed. Litigants who are making a good-faith effort to help the court should not be delayed while this court attempts to perform the duties of counsel.'

"See also *Deatrick* v. *Lawless* (1923), 193 Ind. 327, 139 N. E. 587; *City of Shelbyville* v. *Adams* (1916), 185 Ind. 326, 114 N. E. 1; *Brown* v. *State* (1915), 184 Ind. 254, 108 N. E. 861, 111 N. E. 8; *Burroughs* v. *Burroughs* (1913), 180 Ind. 380, 103 N. E. 1.

"The rule will not be invoked unless the appellant's brief makes an apparent or *prima facie* showing of reversible error. *Pittsburgh, C., C. & St. L. R. Co.* v. *Linder* (1925), 195 Ind. 569, 145 N. E. 885; *Bryant* v. *School Town of Oakland City* (1930), 202 Ind. 254, 171 N. E. 378; *Reed, Admr.* v. *Brown* (1939), 215 Ind. 417, 19 N. E. 2d 1015."

We have carefully examined appellants' brief and the error therein assigned and find that reversible error is clearly demonstrated thereby.

The judgment appealed from is reversed and this cause is remanded with instructions to grant a new trial and for further proceedings, without prejudice.

NOTE.—Reported in 161 N. E. 2d 611.