## FARMERS MUTUAL HAIL INSURANCE CO. OF IOWA *v.* EWEN.

[No. 18,628. Filed May 26, 1955.]

*Frederick E. Rakestraw,* of Akron, *William L. Morris,* of Rochester, and *Robert E. Million,* of Monticello, for appellant.

*William H. Deniston,* of Rochester, for appellee.

BOWEN, J.—This was an action by appellant against appellee to recover the amount of the premium under a policy of insurance issued to the appellee after a written application had been signed by appellee for such insurance. Issues were joined upon appellant's amended complaint to which appellee filed an answer in three paragraphs, which included a set-off and counterclaim, and appellant's answers and the respective replies thereto. Trial was had by a jury and the jury returned a verdict against appellant on its amended complaint and against appellee on his second and third paragraph of answer in set-off and counterclaim. The appellant then filed a motion for a new trial, which was overruled, and judgment was entered for appellee in accordance with the verdict, that the appellant take nothing by its complaint and that the appellee take nothing by his amended second paragraph of answer in counterclaim and his third paragraph of answer in counterclaim, and that the defendant recover his costs.

Errors assigned by the appellant for reversal are that the court erred in overruling the demurrer of appellant to the second paragraph of answer in counterclaim and the third paragraph of answer in counterclaim, and that the court erred in overruling appellant's motion for a new trial. The grounds of appellant's motion for a new trial were that the verdict of the jury is not sustained by sufficient evidence and is contrary to law,

that the court erred in refusing to direct a verdict for the appellant upon appellant's motion, and that the court erred in the giving and refusing to give certain instructions.

The record before this court shows that the appellee has failed to file an answer brief as required by Rule 2-15, Rules of the Supreme Court. We are required, therefore, to determine whether or not the appellant's brief makes a *prima facie* showing of reversible error, and, if so, this court may reverse such judgment. The rule with reference to the reversing of a cause, where appellee fails to file an answer brief and appellant's brief makes a *prima facie* showing of error, is for the protection of the court, and whether it shall be invoked is discretionary with the court, and the failure to file an answer brief may be treated by the court as a confession of error on the part of appellee. *Consolidated Holding, Inc.* v. *Anweiler* (1954), 125 Ind. App. 142, 122 N. E. 2d 905; *Meadows* v. *Hickman* (1947), 225 Ind. 146, 73 N. E. 2d 343; *State ex rel. Board, etc.* v. *Stucker* (1953), 232 Ind. 76, 111 N. E. 2d 714; *Reed, Admr.* v. *Brown* (1939), 215 Ind. 417, 19 N. E. 2d 1015. See also *Deatrick* v. *Lawless* (1923), 193 Ind. 327, 139 N. E. 587; *City of Shelbyville* v. *Adams* (1916), 185 Ind. 326, 114 N. E. 1; *Brown* v. *State* (1915), 184 Ind. 254, 108 N. E. 861, 111 N. E. 8; *Burroughs* v. *Burroughs* (1913), 180 Ind. 380, 103 N. E. 1; *Hanrahan* v. *Knickerbocker* (1905), 35 Ind. App. 138, 72 N. E. 1137.

In the instant case, the court, by its Instruction No. 36, which was defendant's requested Instruction No. 11, instructed the jury as follows:

"There is contained in the insurance policy which is the basis of this action a clause that provides that the insured must provide a written proof of

loss to the insurer within ten days after the storm causing a loss.

I instruct you that said clause is a condition subsequent to the issuance of the policy. It must therefore receive a liberal and reasonable construction in favor of the defendant, Lonnie C. Ewen. The fact that the defendant thought that said policy was no longer in effect may be considered by you. If you find that Lonnie C. Ewen or his agent gave written notice to cancel the policy and that said notice was so nearly sufficient or was sufficient under the evidence that a reasonable and prudent man would absolutely believe that the policy was cancelled, then you may consider this as a reasonable excuse to delay the giving of the notice as required. If you so find, then you may decide whether under the circumstances, including the detriment caused to the plaintiff by such lack of notice, whether the delay herein was reasonable. If you find that these conditions exist in favor of Lonnie C. Ewen then you may find for the defendant on his second paragraph of answer."

The appellant objected to such instruction for the following reasons:

"We object to defendant's instruction No. 11 for the reason that said provision providing for written proof of loss within ten days is not a condition subsequent to the issuance of the policy but is rather a condition of the contract itself, and for the further reason, that the fact the defendant may have thought said policy no longer to be in effect has no bearing or would be of no legal consequence and would not be a legal excuse for failure to comply with the terms of said policy."

The court also instructed the jury in the court's Instruction No. 16, which was plaintiff's requested Instruction No. 8, as follows:

"I hereby instruct you that if you find that the defendant, Lonnie E. Ewen, executed the application for hail insurance as introduced as evidence in this proceeding, the terms and conditions of said application are binding on said defendant,

and any impression which said defendant might have had as to what those terms and conditions were, or any impression which the defendant may have had as to the legal effect of said terms and conditions are not relevant."

Such instructions were definitely conflicting, and from the showing made in appellant's brief, without the aid of any counter-showing by reason of the failure ■ of appellee to file a brief, a *prima facie* showing is made that defendant's requested Instruction No. 11, which was the court's Instruction No. 36 given by the court, was erroneous for the reasons given in appellant's objection thereto and should have been sustained.

Therefore, an examination of appellant's brief in the instant case convinces this court that appellant has made a *prima facie* showing of reversible error.

Furthermore, the verdict of the jury and judgment of the lower court was against the appellee as to a substantial set-off and counterclaim, and while the ■ appellee has not filed any affirmative confession of error in this court, in view of the existence of Rule 2-15, and the fact that this court may reverse a cause upon a *prima facie* showing of error in appellant's brief in the absence of the benefit of an appellee's brief, and in such cases does so without prejudice to either party, *Meadows* v. *Hickman, supra,* it may well be that appellee desired this court to consider such failure to file a brief as a confession of error.

For the reasons given herein the judgment of the lower court is reversed with instructions to sustain appellant's motion for a new trial.

Note.—Reported in 126 N. E. 2d 776.