HERSHBERGER ET UX. *v.* BOLLMAN ET UX.

[No. 16,893. Filed June 16, 1942.]

688

*Harry E. Vernon,* of Goshen, for appellants.

CURTIS J.—This action in the trial court was an appeal to the Elkhart Circuit Court from an official survey by the surveyor of Elkhart County, Indiana, made upon proper request and notice on the 5th day of July, 1940, for the purpose of establishing and perpetuating the true corner and lot line between Lots 26 and 27 of Stauffer's Fourth Addition to the City of Nappanee, Indiana. Said appeal and proceedings in the trial court were under the provisions of § 49-3313 and § 49-3314, Burns' 1933, and in conformity therewith.

By said appeal to the trial court, the appellant sought to challenge the correctness of said survey. Said matter was submitted to said court from whose finding and judgment we quote as follows:

"It is Adjudged and decreed that the survey of the County Surveyor of Elkhart County, Indiana, and duly made on the 5th day of July, 1940, is true and correct."

"It is further ordered and decreed by the court that the said County Surveyor shall locate and perpetuate such lines and corners according to said survey by depositing in the proper places below the freezing point a stone or other durable material for marking and said surveyor shall make due entry thereof in his field notes as required by law.

It is from the above judgment that this appeal has been prosecuted, the error assigned being the overruling of the motion for new trial which had been timely filed. The causes or grounds of the said motion, which are presented, are that the decision of the court is not sustained by sufficient evidence and is contrary to law.

The above assignment of error requires a consideration of the evidence as applied to the statute. We now quote § 49-3313 as follows:

"SURVEY AS PRIMA FACIE EVIDENCE—APPEAL—PROCEEDINGS.—The survey of such surveyor shall be prima facie evidence in favor of the corners so established and the lines so run; but an appeal may be taken to the circuit court, within three [3] years, and such court may reverse such survey. Upon such appeal being prayed for by any person, such surveyor shall forthwith transmit the papers in his hands touching the same, and copies of the field-notes in the case complained of, without requiring an appeal bond; and such court, in trial of such appeal, may receive evidence of other surveys of the same premises, made by the same or other persons, either before or since the one complained of; and if such court shall decide against such surveyor, it shall enter an order for a resurvey, and such new survey may be made by any other competent person whom the court may designate, from whose decision an appeal may be had in like manner."

In accordance with the above statute, the court had before it papers transmitted to it by the county surveyor which touched upon the said survey. In addition, the court heard the evidence of the deputy county surveyor who made the survey, as well as the evidence of the city engineer of the said City of Nappanee who likewise made a survey. These two surveyors did not agree as to the proper location of the corners and lot line between the two lots in question. Other witnesses testified as

to measurements made by them. The chief difference between the two surveys originated in the difference in their starting points, the county surveyor using an iron stake which he found while the city engineer used Summit street as the starting point and basis for his survey.

The trial court concluded that the survey made by the county surveyor was correct, although it located the lots something more than a foot from the place they were located by the city engineer who used Summit street. To our mind, the evidence falls far short of being satisfactory as to the correctness of either one of these surveys.

The appellee has furnished us no brief, but under the following decisions this fact alone does not necessarily require a reversal: See *McKinnon* v. *Zechiel* (1931), 93 Ind. App. 1, 177 N. E. 333; *Bryant* v. *School Town of Oakland City* (1930), 202 Ind. 254, 173 N. E. 268.

The survey made by the city engineer seems to have in its favor the fact that if it be established as the correct survey then each lot owner would get a lot of the width which he understood he was getting when he bought. This fact has been a prominent factor in the conclusion that we have reached. Under these facts, it is our opinion that the appellant has made a *prima facie* showing of reversible error. The trial court is ordered to set aside its judgment herein and to order a new survey under the statute by some other competent surveyor whom the court may designate, said designated surveyor not to include either the county surveyor of said county or the city engineer of said city, and for further proceedings not inconsistent herewith.

NOTE.—Reported in 42 N. E. (2d) 389.