SMOK *v.* SMOK.

[No. 18,389. Filed October 8, 1953.]

*Sheehan & Lyddick* and *John W. Lyddick,* of Gary, for appellant.

*Ellis C. Bush,* of Gary, for appellee.

ROYSE, J.—From appellant's brief we gather appellee commenced this action by filing his complaint for divorce against appellant. Appellant filed her cross-complaint for divorce, custody of their seventeen year old daughter, and averring she owned two pieces of real estate which were held by the parties as tenants by entireties. She asked these properties be conveyed to her or that in lieu thereof she be granted $10,000 alimony. The trial court found against appellee on his complaint and for appellant on her cross-complaint. It ordered one piece of property valued at $6500.00 conveyed to appellee and one piece valued at $12,000.00 to appellant.

In her brief appellant states thereafter she filed a motion for new trial which was overruled, and a motion to modify the judgment which was overruled. She further states her assignment of errors alleges the court erred in overruling these motions and other matters not proper as independent assignments of error. Appellee has not seen fit to file an answer brief. Therefore, if appellant has presented to this court a brief which makes a *prima facie* showing of error, we may reverse. *Baker* v. *Baker* (1951), 121 Ind. App. 564, 100 N. E. 2d 900.

Appellant's brief does not set out or summarize the pleadings. It does not state the date judgment was entered or when the motion for new trial and the motion to modify were filed. It does not set out even the substance of the specifications of these motions, as required by Rule 2-17, Rules of the Supreme Court. In the argument portion of her brief she contends we should weigh the evidence in actions of this kind. While we know of no authority which would sustain this contention, even if this were true it would not avail appellant because from her brief we cannot determine

whether the questions were timely and properly presented to the trial court. The rules of the Supreme Court are binding on the courts as well as litigants. Flanagan, Wiltrout & Hamilton, Indiana Trial and Appellate Practice, §2114-(1), p. 4, and authorities there cited.

Therefore, the judgment is affirmed.

NOTE.—Reported in 114 N. E. 2d 645.