## WHITAKER v. WHITAKER.

[No. 18,952. Filed January 31, 1958.]

*Nat Youngblood* and *Youngblood & Lockyear,* both of Evansville, for appellant.

COOPER, J.—This is an appeal from proceedings by the appellant against the appellee by way of a petition to modify a divorce decree involving the custody of a six-year-old child of the parties.

After hearing evidence, a decree was rendered against the appellant awarding permanent custody of the child to the paternal grandparents of the child. The appellant thereafter filed a motion for a new trial, which was overruled, and from the decree and judgment rendered by the trial court thereafter, this appeal is taken.

The appellee has not filed a brief in support of the judgment of the trial court. It is the law in Indiana that the neglect of the appellee to file a brief controverting the errors complained of by an appellant may be taken or deemed to be a confession of such

error, or errors, and that the judgment may accordingly be reversed and the cause remanded without prejudice to either party. This rule was not declared in the interests of an appellant but for the protection of the court, in order to relieve it of the burden of controverting the arguments and contentions advanced for reversals where the duty properly rests upon counsel for the appellee. *Wilson* v. *Wilson* (1956), 126 Ind. App. 218, 131 N. E. 2d 658; *Meadows* v. *Hickman* (1947), 225 Ind. 146, 73 N. E. 2d 343; *Milto* v. *Richardson* (1956), 126 Ind. App. 148, 131 N. E. 2d 151, and authorities cited.

It has also been said by our Supreme Court in the case of *Roth* v. *Vandalia R. Co.* (1919), 187 Ind. 302, 119 N. E. 1, that:

> "Another cogent reason for invoking this rule is that the time of the court should be devoted to cases that are properly briefed. Litigants who are making a good-faith effort to help the court should not be delayed while this court attempts to perform the duties of the counsel."

See also *Deatrick* v. *Lawless* (1923), 193 Ind. 327, 139 N. E. 587; *City of Shelbyville* v. *Adams* (1916), 185 Ind. 326, 114 N. E. 1; *Brown* v. *State* (1915), 184 Ind. 254, 108 N. E. 861, 111 N. E. 8; *Burroughs* v. *Burroughs* (1913), 180 Ind. 380, 103 N. E. 1.

The rule will not be invoked unless the appellant's brief makes an apparent or *prima facie* showing of reversible error. *Pittsburg, etc. R. Co.* v. *Linder* (1925), 195 Ind. 569, 145 N. E. 885; *Bryant* v. *School Town of Oakland City* (1930), 202 Ind. 254, 171 N. E. 378, 173 N. E. 268; *Reed, Admr.* v. *Brown* (1939), 215 Ind. 417, 19 N. E. 2d 1015. In our opinion, an examination of appellant's brief exhibits the presence of errors in the judgment and the proceedings leading thereto of such

substance as to warrant a reversal of the judgment and a remand of the cause for further proceeding.

Judgment reversed without prejudice.

NOTE.—Reported in 147 N. E. 2d 596.