HARRINGTON *v.* HARTMAN.

[No. 20,687. Filed January 19, 1967.]

*Gerald Deller,* of Angola, for appellant.

*Maclyn T. Parker,* of Fort Wayne, for appellee.

PRIME, J.—This is an appeal from a judgment in favor of appellee in an action on a promissory note in the original amount of $10,000.00.

The appellee has not filed a brief in support of the judgment of the trial court. The appellant has filed a motion to reverse because of this fact. We note that the appellee has not replied to this motion.

The rule is well established that the failure of an appellee to file a brief, where the appellant's brief makes a prima facie showing of reversible error, may be taken as a confession of error.

This rule is not for the benefit of the appellant, but for the protection of the court, and its invocation is discretionary with the court. 3 Wiltrout, *Indiana Practice,* § 2682, p. 427; *Busick* v. *Barger* (1951), 230 Ind. 198, 102 N. E. 2d 499; *Meadows* v. *Hickman* (1947), 225 Ind. 146, 73 N. E. 2d 343; *Dept. of Treasury* v. *Loose-Wiles Biscuit Co.* (1943), 221 Ind. 248, 47 N. E. 2d 141; *State* v. *Rousseau* (1936), 209 Ind. 458, 199 N. E. 587.

Prima facie means, "at first sight, on the first appearance, on the face of it, so far as can be judged from the first disclosure; presumably; a fact presumed to be true unless dis-

proved by some evidence to the contrary." *Ellet* v. *Ellet* (1965), 137 Ind. App. 96, 205 N. E. 2d 555; 5 Ind. Dec. 97.

However, a reversal is not required, and if a prima facie showing of error is not made, the judgment will not be reversed. *Hershberger* v. *Bollman* (1942), 111 Ind. App. 687, 42 N. E. 2d 389; *Myers* v. *McGowen* (1965), 138 Ind. App. 163, 212 N. E. 2d 411; 7 Ind. Dec. 256; *Hill* v. *Hill* (1965), 136 Ind. App. 630, 204 N. E. 2d 222; *Brown Adm'r.* v. *Montgomery* (1955), 125 Ind. App. 395, 125 N. E. 2d 37; *Smok* v. *Smok* (1953), 124 Ind. App. 16, 114 N. E. 2d 645; *Goossens* v. *Jenkins* (1937), 103 Ind. App. 492, 8 N. E. 2d 1014.

Upon such reversal, upon a showing of prima facie error only, the cause is remanded without prejudice to either party. *Newton* v. *Hunt* (1957), 127 Ind. App. 456, 142 N. E. 2d 643; *Lunsford* v. *Maida* (1957), 127 Ind. App. 236, 140 N. E. 2d 762.

It has also been said in our Supreme Court in *Roth* v. *Vandalia Railroad Co.* (1919), 187 Ind. 302, 119 N. E. 1:

> "Another cogent reason for invoking this rule is that the time of the court should be devoted to cases that are properly briefed. Litigants who are making a good-faith effort to help the court should not be delayed while this court attempts to perform the duties of the counsel." 128 Ind. App. 248.

The time element is not a great factor with this writer and this court often performs duties which we think could be better discharged by counsel. However, in most cases, it will assist the court when a case is fully briefed, although some judges might think that some briefs confuse rather than clarify.

This court has held many times that under the circumstances that exist here, the judgment should be reversed.

We cite the following cases which were opinions of Judge Cooper of this court. *Newton* v. *Hunt, supra,* (1957), 127 Ind. App. 456, 142 N. E. 2d 643; *Whitaker* v. *Whitaker* (1957), 128 Ind. App. 247, 147 N. E. 2d 596.

90

In the instant case the appellant's brief as well as the transcript, which has been read carefully, sets forth evidence which shows that the note sued upon was satisfied although there was conflict as to the method of payment.

We hold that a prima facie showing of error has been made and this cause is therefore reversed and remanded without prejudice to either party, with instructions to sustain appellant's motion for a new trial.

Carson, C. J., Cooper, J., concur.

Faulconer, J., concurs in result.

NOTE.—Reported in 233 N. E. 2d 189.