INDIANA STATE BOARD OF HEALTH, Environmental Management Board of the State of Indiana, Appellants (Plaintiffs Below),

v.

LAKELAND DISPOSAL SERVICE, INC., Stephen W. Shambaugh, President; David Poague; Cynthia Poague; Troy Varney; Breck Walls; Brooks Walls; Max A. Montel, and Nellil Montel, Appellees (Defendants Below).

No. 3–983A316.

Court of Appeals of Indiana, Third District.

April 16, 1984.

Linley E. Pearson, Atty. Gen., Daniel P. Miller, Deputy Atty. Gen., Indianapolis, for appellants.

STATON, Presiding Judge.

The Indiana State Board of Health and the Indiana Environmental Management Board, hereinafter referred to as the Board, sought an injunction against landowners residing on the site of a hazardous waste dump. The trial court permitted the landowners to maintain their residences on the site provided they take certain precautions for their safety and the safety of other residences in the area. This appeal is directed to only a small portion of the judgment which requires the Board to monitor the quality of the ground water rather than the landowners.[1]

Reversed and remanded.

The Board appeals from a portion of the trial court's order which provides:

"That the Defendants, David Poague and Cynthia Poague and Breck Walls shall upon demand of the Plaintiff and at reasonable frequency forward to the Plaintiff water samples from their wells for analysis in accordance with proce-

---

1. We note that the landowners have failed to file an appellee's brief; therefore, the Board need only show prima facie reversible error to prevail. *D.H. v. J.H.* (1981), Ind.App., 418 N.E.2d 286.

dures for water quality monitering at sanitary landfills in Indiana as listed in Exhibit B which is attached hereto and made a part of this order for all purposes said analysis being to establish parameters as follows: Chloride, COD (Chemical Oxygen Demand) Total Dissolved Solids, Total Organic Carbon (TOC), Cadmium, Nickel, Lead, Total Chromium, Total Iron, Specific Conductance, Arsenic, pH, Manganese, Phenols, Sodium and Sulfate."

The Board contends that the effect of this order is to improperly burden it with the task of analyzing the water samples. The Board further contends that the order conflicts with 320 IAC 5-9-5 (1983 Supp.) which provides:

"Sanitary landfills and other disposal operations which are closed after promulgation of this regulation [320 IAC 5] shall be inspected by the Board or its designated agent. Following final acceptance by the Board or its designated agent, a detailed description, including a plan, shall be recorded by the owner or operator with the county's land recording authority. The description shall include general types and location of wastes, depth of fill, and other information of interest to potential land owners. *The owner or operator shall maintain surface contours, continue periodic groundwater monitoring, and exercise any necessary controls over gas or leachate produced....*" (Emphasis added.)

The Board correctly points out that this regulation requires the landowner to monitor the quality of the groundwater. This regulation is within the authority granted to the Board by the legislature[2] and has the effect of law. *See Wallace v. Dohner* (1929), 89 Ind.App. 416, 165 N.E. 552. Thus, the trial court's order must be reversed and the cause remanded with in-structions to require the owners to assume responsibility for monitoring the groundwater.

Reversed and remanded.

HOFFMAN, J., concurs.

GARRARD, J., concurs with opinion.

GARRARD, Judge, concurring.

It appears to me that the portion of the court's order in question merely directs the landowners to furnish water samples *when demanded to do so by the Board.* I read the phrase "and at reasonable frequency" to merely limit the number of demands available to the Board. As such, the order is within the court's injunctive power and not contrary to the Board's regulations (since the Board alone will determine whether any demand is made).

On the other hand, since both the Board and the majority read the order to mandate the submission of samples I concur in vacating the order as written.

---

**2.** IC 1976, 13-7-5-1 provides:
"13-7-5-1 Additional powers of board and agencies
Sec. 1. In addition to the powers conferred upon the [Environmental Management Board] and the agencies in other chapters of this article, the board and the agencies shall have the power to: ...

* * * * * *

(d) Establish and administer such monitoring and reporting requirements as are deemed necessary by the board or agency to carry out the duties and exercise the power of the board and agencies under this article, and prescribe fees for the filing of such reports;"
(West's A.I.C.).