## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 28 2015, 8:37 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

---

ATTORNEY FOR APPELLANT

Gregg Romaine
Romaine Law
Fishers, Indiana

---

## IN THE
## COURT OF APPEALS OF INDIANA

---

Leo Prassas,

*Appellant-Plaintiff,*

v.

Corick Construction, LLC,

*Appellee-Defendant.*

December 28, 2015

Court of Appeals Case No.
64A05-1508-CT-1081

Appeal from the Porter Superior Court

The Honorable William E. Alexa, Judge

Trial Court Cause No.
64D02-1502-CT-891

**Bradford, Judge.**

## Case Summary

[1]     In February of 2013, Appellant-Plaintiff Leo Prassas contracted with Appellee-Defendant Corick Construction, LLC to have some roofing work done at his

residence. After the work was completed, Prassas filed a small claims action against Corick Construction alleging that the repairs had been completed in an unworkmanlike manner. After the small claims court found in favor of Corick Construction, Prassas filed the instant lawsuit, which alleges breach of contract, breach of implied warranty, and deceptive practices. Corick Construction subsequently filed a motion to dismiss. Prassas responded to this motion and filed a motion for default judgment. Following a hearing on the parties' motions, the trial court issued an order in which it ruled in favor of Corick Construction.

[2] Prassas appealed, arguing that the trial court erred in ruling in favor of Corick Construction. Concluding that the trial court did not commit reversible error in effectively treating Corick Construction's motion to dismiss as a motion for summary judgment but that issues of material fact remain that would preclude an award of summary judgment in Corick Construction's favor, we reverse the judgment of the trial court and remand the matter to the trial court for further proceedings.

# Facts and Procedural History

[3] At all times relevant to the instant appeal, Corick Construction was under a voluntary-compliance order aimed at curtailing deceptive practices against consumers to whom it had supplied roofing services. As part of this order, Corick Construction was ordered to change its standard contract form to

comply with Indiana law and to refrain from acting as a public insurance adjuster.

[4] On February 13, 2013, Prassas and Corick Construction entered into a contract for Corick to repair and replace Prassas's hail-damaged roof. The contract entered into by the parties is the same contract as the Indiana Attorney General's Office had prohibited Corick Construction from using. The contract failed to provide a sufficient scope of services and provided for a guaranteed recovery fee from the insurance proceeds even if Corick Construction did not complete the contracted work.

[5] Corick Construction worked with Prassas and his insurance company to assess Prassas's damages and the associated repairs to assure that Prassas's insurance company would pay for the necessary roof repairs. In completing the contracted work, Corick Construction replaced the shingles on the roof and partially replaced the gutters and downspouts. Prassas, a senior citizen, was not able to get up on the roof to inspect the installation of the shingles but repeatedly complained to Corick Construction that the downspouts were not replaced properly and the gutters were not angled properly to allow for the proper flow of water into the downspouts.

[6] During the fall of 2014, a neighbor approached Prassas and informed him that something appeared to be wrong with his roof. The neighbor, who had a background in construction, told Prassas that the roof looked "wavy" and that the shingles looked slightly curled at the edges. Appellant's App. p. 6. During

the late fall 2014 and early winter of 2015, Prassas had his roof inspected by several roofers. These roofers informed Prassas that they observed that the shingle spacing varied greatly, the shingles looked worn and had curled at the edges, and the gutters were not properly angled at the rear of the house.

[7]    On February 4, 2015, Prassas filed a complaint for damages against Corick Construction alleging breach of contract, breach of implied warranty, and deceptive practices. In this complaint Prassas acknowledges that Corick Construction maintains that the roof and gutters were properly replaced and that there is no defect with the work performed under the contract. Prassas claims, however, that he will have to have the roof replaced and the gutters rehung as a result of Corick Construction's allegedly faulty installation of the roof and gutters. Prassas claims that by acting as a public adjuster, Corick Construction caused Prassas to "not have a final inspection by an insurance representative who probably would have seen the defective workmanship." Appellant's App. p. 8.

[8]    On March 27, 2015, Corick Construction filed an Indiana Trial Rule 12(B)(6) motion to dismiss Prassas's complaint. In this motion, Corick Construction alleged that the instant law suit was barred by the doctrine of *res judicata* because Prassas had filed a small claims action against Corick Construction alleging unworkmanlike quality of the roof replacement as it related to the same contract and same set of facts that were referred to in the instant action. Corick Construction indicated that the small claims action had been resolved against Prassas, with the judge specifically finding that Prassas failed to prove faulty

workmanship in completing the contracted work. Corick Construction further indicated that following the small claims court's ruling, Prassas, by counsel, had filed a motion to correct error and that this motion was subsequently deemed denied by the small claims court.

[9] On March 31, 2015, Prassas responded to Corick Construction's motion to dismiss and moved for default judgment. Following a May 5, 2015 hearing on the pending motions, the trial court took the matter under advisement. The trial court subsequently issued an order in which it ruled in favor of Corick Construction. This appeal follows.

## Discussion and Decision

[10] Initially, we note that our disposition in the instant matter has been made more difficult by the fact that Corick Construction failed to submit an appellee brief. "Instead of imposing upon this court the burden of controverting arguments advanced for reversal, however, Indiana courts have long applied a less stringent standard of review with respect to showings of reversible error when the appellee fails to file a brief." *Johnson Cty. Rural Elec. Membership Corp. v. Burnell*, 484 N.E.2d 989, 991 (Ind. Ct. App. 1985). Thus, Prassas need only establish the lower court committed prima facie error to win reversal. *Id.* (citing *Ind. State Bd. of Health v. Lakeland Disposal Serv., Inc.*, 461 N.E.2d 1145, 1145 n. 1 (Ind. Ct. App. 1984)). "In this context, 'prima facie' means at first sight, on first appearance, or on the face of it." *Id.* (quoting *Harrington v. Hartman*, 142 Ind. App. 87, 88, 233 N.E.2d 189, 191 (1968)). Likewise, the statement of facts

contained in Prassas's brief "is deemed by us to be accurate and sufficient for the disposition of this appeal." *Id*. (citing *Colley v. Carpenter*, 172 Ind. App. 638, 362 N.E.2d 163 (1977)).

# I. Proper Treatment of a Trial Rule 12(B)(6) Motion to Dismiss as a Motion for Summary Judgment

On appeal, Prassas contends that the trial court erred in ruling in favor of Corick Construction.  In raising this contention, Prassas asserts that the trial court relied on evidence outside of the pleadings.  Prassas further asserts that the trial court effectively treated Corick's motion to dismiss as a motion for summary judgment.  Prassas claims that it was erroneous for the trial court to do so because it ruled on the motion without providing Prassas the opportunity to put forth evidence which he claims would show the existence of genuine issues of material fact.

> [Indiana Trial] Rule 12(B) provides that a motion to dismiss for failure to state a claim shall be treated as a motion for summary judgment when "matters outside the pleading are presented to and not excluded by the trial court."  Where a trial court treats a motion to dismiss as one for summary judgment, the court must grant the parties a reasonable opportunity to present T.R. 56 materials.  *See* T.R. 12(B); *Biberstine v. New York Blower Co.*, 625 N.E.2d 1308, 1313 (Ind. Ct. App. 1993), *trans. dismissed*.  The trial court's failure to give explicit notice of its intended conversion of a motion to dismiss to one for summary judgment is reversible error only if a reasonable opportunity to respond is not afforded a party and the party is thereby prejudiced.  *Ayres v. Indian Heights Volunteer Fire Department*, 493 N.E.2d 1229, 1233 (Ind. 1986).

Our review of the relevant cases discloses at least four considerations pertinent to a determination of whether a trial court's failure to give express notice deprives the nonmovant of a reasonable opportunity to respond with T.R. 56 materials. First, we consider whether the movant's reliance on evidence outside the pleadings should have been so readily apparent that there is no question that the conversion is mandated by T.R. 12(B). *See Duran v. Komyatte*, 490 N.E.2d 388, 391 (Ind. Ct. App. 1986), *trans. denied* (noting that the operation of T.R. 12(B) is "well known" and a "clear mandate" of which counsel should be cognizant). Second, we consider whether there was ample time after the filing of the motion for the nonmovant to move to exclude the evidence relied upon by the movant in support of its motion or to submit T.R. 56 materials in response thereto. *See Biberstine*, 625 N.E.2d at 1314. Third, we consider whether the nonmovant presented "substantiated argument" setting forth how she "would have submitted specific controverted material factual issues to the trial court if [she] had been given the opportunity." *Ayres*, 493 N.E.2d at 1233 (citing *Macklin v. Butler*, 553 F.2d 525, 528 (7th Cir. 1977)).

*Azhar v. Town of Fishers*, 744 N.E.2d 947, 950-51 (Ind. Ct. App. 2001) (first set of brackets added, footnote omitted).

[13]   In *Azhar*, we concluded that the trial court did not commit reversible error by treating the Defendants' motion to dismiss as a motion for summary judgment because the Defendants' reliance on evidence outside the pleadings was unmistakable and "given the mandatory wording of Trial Rule 12(B), Azhar should have known that the trial court was compelled to convert the motion to a summary judgment motion." *Id*. at 951. We also noted that the approximate three-month period between the filing of the motion to dismiss and the hearing

thereon was ample time to allow Azhar to "(1) move to exclude the evidence relied upon by the Defendants; (2) file a motion for additional time to conduct discovery to ascertain the evidence in opposition to the motion; and/or (3) submit materials in opposition thereto." *Id*. We last noted that Azhar had "failed to show, either in the hearing below or in her appellate briefs, what specific additional material she would have presented if express notice had been given." *Id*.

[14] Here, similar to *Azhar*, we must conclude that the trial court did not commit reversible error by considering the evidence outside the pleadings submitted by Corick Construction and effectively treating Corick Construction's motion to dismiss as a motion for summary judgment. Again, "[t]he trial court's failure to give explicit notice of its intended conversion of a motion to dismiss to one for summary judgment is reversible error only if a reasonable opportunity to respond is not afforded a party and the party is thereby prejudiced." *Id*. at 950. Upon review, we cannot say that Prassas was prejudiced or denied a reasonably opportunity to respond.

[15] As in Azhar, Corick Construction's reliance on evidence outside the pleadings was unmistakable. Thus, given the mandatory wording of Indiana Trial Rule 12(B), Prassas should have known that the trial court was compelled to convert the motion into a motion for summary judgment. The record reflects that counsel for Prassas did, in fact, make such realization, acknowledging that because Corick Construction attached the small claims court judgment to its

motion, the motion should have been treated as a motion for summary judgment.

[16] We also believe that Prassas had ample time to (1) move to exclude the evidence relied on by Corick Construction, (2) file a motion for additional time to conduct discovery, or (3) to submit materials in opposition thereto. The record reveals that Prassas responded to Corick Construction's motion. Over one month later, the trial court conducted a hearing on the pending motions. During this hearing, counsel for Prassas presented argument before the trial court stating Prassas's opposition to Corick Construction's motion. In doing so, counsel for Prassas acknowledged that Corick Construction's motion was, in effect, a summary judgment motion. Counsel for Prassas also presented argument akin to what would be argued during a summary judgment hearing, *i.e.*, argument aimed at showing that an issue of material fact existed with regard to whether Prassas's claims were barred by the doctrine of *res judicata*. Specifically, Prassas argued that the issues raised in the instant matter were not the same as those raised in the small claims action but rather represented separate and distinct allegations of inadequate workmanship by Corick Construction. Prassas has not indicated what specific additional information he would have presented if express notice that the motion to dismiss would be treated as a motion for summary judgment had been given.

## II. Propriety of Judgment in Favor of Corick Construction

Prassas appears to alternatively contend on appeal that, even assuming the trial court correctly treated Corick Construction's motion to dismiss as a motion for summary judgment, the trial court's ruling in favor of Corick Construction was erroneous. Thus, having concluded that the trial court did not commit reversible error by considering Corick Construction's motion to dismiss as a motion for summary judgment, we must next consider whether summary judgment is appropriate.

> The purpose of summary judgment is to end litigation about which there can be no factual dispute and which may be determined as a matter of law. *LeBrun v. Conner*, 702 N.E.2d 754, 756 (Ind. Ct. App. 1998). The moving party bears the burden of making a prima facie showing that there are no genuine issues of material fact. Ind. Trial Rule 56(C); *Campbell v. Criterion Group*, 613 N.E.2d 423, 428 (Ind. Ct. App. 1993), *on reh'g* 621 N.E.2d 342. It is only after the moving party makes a prima facie showing of the non-existence of a genuine issue of material fact that the burden shifts to the non-moving party to set forth specific facts showing the existence of a genuine issue for trial. T.R. 56(E); *Campbell*, 613 N.E.2d at 428.

*Id*. at 952.

> Four elements determine whether a judgment has *res judicata* effect: 1) the former judgment must have been rendered by a court of competent jurisdiction; 2) the matter now in issue was, or might have been, determined in the former suit; 3) the particular controversy previously adjudicated must have been between the parties to the present suit or their privies; and 4) the

judgment in the former suit must have been rendered on the merits. *Cox v. Ind. Subcontractors Ass'n, Inc.*, 441 N.E.2d 222, 225 (Ind. Ct. App. 1982).

*Moreton v. Auto-Owners Ins.*, 859 N.E.2d 1252, 1254 (Ind. Ct. App. 2007) (emphasis added). The parties do not appear to dispute that the small claims judgment was rendered by a court of competent jurisdiction, that the particular controversy previously adjudicated was between the same parties as the instant matter, or that the small claims judgment was rendered on the merits.

[19] However, Prassas argued below, and again on appeal, that the issues presented in the instant law suit were not the same as those raised in the small claims action. Prassas specifically asserts on appeal that although Corick Construction claims that he was "trying to take two bites at the apple, it's just not true." Tr. p. 12.

[20] The documents designated by Corick Construction and the argument offered by Prassas indicate that the small claims action involved allegations of faulty workmanship relating to the installation of a soffit. The complaint filed in the instant matter, however, involves the allegedly improper installation of shingles, gutters, and downspouts. Specifically, the complaint alleges that Corick Construction committed a breach of contract and breach of implied warranty with regard to the allegedly improper installation of the shingles, gutters, and downspouts. The complaint also contains the claim that the allegedly improper installation was not noticed upon final inspection because Corick Construction, in violation of a voluntary-compliance order that it had entered into with the

Indiana Attorney General, worked with Prassas's insurance company to assess Prassas's damages, the associated necessary repairs, and the sum of funds that would be paid out for the completed repairs.

[21] In addition, the complaint alleges that Prassas did not learn of the full extent of the allegedly improper installation of the shingles, gutters, and downspouts until he had his roof inspected by several roofers in late 2014 and early 2015. The designated documents demonstrate that the small claims court trial was conducted on November 21, 2014, and the court's decision issued on December 3, 2014. Thus, the pleadings and designated documents present an issue of material fact as to whether Prassas was aware of the allegedly improper installation of the shingles, gutters, and downspouts at the time he filed the small claims court action. It is reasonable to assume that if he did not know of the improper installation, he could not have included such claims in the small claims action.

[22] Given that Prassas need only make a prima facie case of error, we conclude that the record indicates that an issue of material fact exists as to whether the claims raised in the instant lawsuit were the same as those raised before the small claims court. Because issue of material fact remains, we conclude that the trial court erred in ruling in Corick Construction's favor and dismissing the instant lawsuit.

[23] The judgment of the trial court is reversed and the matter remanded to the trial court for further proceedings.

Baker, J., and Pyle, J., concur.