2025 IL App (1st) 241231-U

No. 1-24-1231

Order filed April 4, 2025

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| TONY COLE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | No. 23 L 11428 |
| | ) | |
| JIN H. LEE, | ) | Honorable |
| | ) | Anthony C. Swanagan, |
| Defendant-Appellee. | ) | Judge Presiding. |

_____

JUSTICE NAVARRO delivered the judgment of the court.
Presiding Justice Mikva and Justice Mitchell concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We affirm the circuit court's dismissal of plaintiff's complaint.

¶ 2    After plaintiff, Tony Cole, sued defendant, Jin H. Lee, his former landlord, for various claims related to prior eviction attempts in the law division of the circuit court of Cook County, Lee moved to dismiss the complaint because Cole had already filed a lawsuit against him based on the same matter in the first municipal district of the circuit court of Cook County (see 735 ILCS 5/2-619(a)(3) (West 2022)). The circuit court found that the first municipal district case was

another action pending between the same parties for the same cause and dismissed Cole's complaint. On appeal, while Cole does not challenge the court's dismissal pursuant to section 2-619(a)(3) of the Code of Civil Procedure (Code) (*id.*), he raises various other contentions of error occurring in the circuit court proceedings, including the court's failure to allow him to amend his complaint, the court's bias against him and the court's reliance on altered transcripts in dismissing his complaint. For the reasons that follow, we affirm the court's dismissal.

¶ 3                                    I. BACKGROUND

¶ 4      This case concerns a mixed-use property located at 1205 North Milwaukee Avenue in Chicago. The basement and first floor of the property contain a commercial unit while the second floor contains a residential unit, where, for a time, both Cole and Lee resided together.

¶ 5      In 2022 and early 2023, Lee attempted to evict Cole twice. But, in both cases, judges in the first municipal district of the circuit court of Cook County dismissed the eviction cases against Cole. Thereafter, in April 2023, Cole sued Lee in the first municipal district (Case No. 23 M1 108836), raising causes of action for attempted illegal eviction, intentional infliction of emotional distress, negligent infliction of emotional distress, breach of implied covenant of quiet enjoyment and a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 2022)), all based on Lee's attempts to evict Cole. Based on our review of the online court docket, of which we may take judicial notice (see *Taylor v. Bayview Loan Servicing, LLC*, 2019 IL App (1st) 172652, ¶ 5 n.2), that case remains active.

¶ 6      Seven months later, Cole filed the instant complaint against Lee in the law division of the circuit court of Cook County, raising other claims stemming from Lee's eviction attempts: breach of contract based on the parties' lease agreement (Count I) and unlawful eviction (Count II). Additionally, Cole claimed that, on an unspecified day in April 2021, Lee physically assaulted

him, resulting in a severe cut to Cole's leg. Based on this allegation, Cole brought causes of action against Lee for assault (Count III) and battery (Count IV). In response to Cole's complaint, Lee filed a motion to dismiss under section 2-619(a)(3) of the Code (735 ILCS 5/2-619(a)(3) (West 2022)), arguing that dismissal was proper because the first municipal district case was pending between him and Cole for the same cause, and it was further along in the proceedings.

¶ 7     On June 6, 2024, the circuit court held a hearing on various pending motions in the case, including Lee's motion to dismiss. The next day, in a written order, the court granted Lee's motion to dismiss pursuant to section 2-619(a)(3) of the Code (*id.*) due to the pendency of the earlier filed case between Cole and Lee for the same cause.

¶ 8     This appeal follows.

¶ 9                                   II. ANALYSIS

¶ 10     At the outset, we address a motion Cole filed during briefing that we took with the case. In that motion, Cole requested a summary reversal because of Lee's failure to file a brief as the appellee.

¶ 11     In the circuit court, the court can enter a default judgment against a defendant for failing to appear. See 735 ILCS 5/2-1301(d) (West 2022); *Dupree v. Hardy*, 2011 IL App (4th) 100351, ¶ 57. On appeal, the appellate court has the "inherent authority to dismiss an appeal" when the appellant fails to prosecute his or her appeal by filing a brief. *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 131 (1976). Despite this, when the appellee fails to appear or file a brief, "the judgment of a trial court should not be reversed Pro forma," as "[a] considered judgment of the trial court should not be set aside without some consideration of the merits of the appeal." *Id.* Rather, we will reverse the lower court's judgment based on the lack of an appellee's brief only "if the appellant's brief demonstrates *prima facie* reversible error and the

contentions of the brief find support in the record." *Id.* at 133. In this context, *prima facie* means error readily apparent. See *id.* at 132 (citing *Harrington v. Hartman*, 142 Ind. App. 87, 88-89 (1967)). But, where "the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief, the court of review should decide the merits of the appeal." *Id.* at 133; see also *Ontiveroz v. Khokhar*, 2025 IL 130316, ¶ 16 (re-affirming *Talandis*).

¶ 12    In the instant case, the record is simple and the claimed errors are of such character that we can resolve the appeal without an appellee's brief filed by Lee. See *id.* Consequently, we need not summarily reverse the circuit court's judgment based on the absence of an appellee's brief, and Cole's motion for summary reversal is denied.

¶ 13    Turning to the merits of Cole's appeal, in his brief, he makes various claims about the proceedings in the circuit court, many of which contain bare-bones assertions of error with no citation to either the record or any relevant case law. Our supreme court rules require that the appellant's argument "shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). As such, we will disregard any such contentions of error by Cole without the appropriate support. See *First Mercury Insurance Co. v. Nationwide Security Services, Inc.*, 2016 IL App (1st) 143924, ¶ 21. Furthermore, some of Cole's arguments do not even pertain to this case. For instance, he claims that the court misapplied the attorney litigation privilege, which is a matter generally raised through a motion to dismiss. See *O'Callaghan v. Satherlie*, 2015 IL App (1st) 142152, ¶¶ 20-21. Lee never raised the attorney litigation privilege as part of his motion to dismiss, and in turn, the court never applied the privilege in dismissing Cole's complaint. Cole also claims that he was subjected to a retaliatory eviction by 1205 Milwaukee LLC. But this case does not concern

1205 Milwaukee LLC's alleged eviction of Cole. Indeed, 1205 Milwaukee LLC—the entity that purchased the property at 1205 North Milwaukee Avenue from Lee in December 2023 during the pendency of this litigation—is not a party to this litigation.

¶ 14     As to the contentions of error that Cole has sufficiently alleged, he first contends that he was denied the right to amend his complaint under section 2-616(a) of the Code (735 ILCS 5/2-616(a) (West 2022)). While the circuit court has discretion in whether to allow a plaintiff to amend his pleadings, generally, leave to amend a complaint before a final judgment should be liberally granted. See *Romito v. City of Chicago*, 2019 IL App (1st) 181152, ¶¶ 21, 27. However, there is no evidence in the record that he requested leave to amend his complaint. It is axiomatic that, to find the court abused its discretion in denying leave to amend a complaint, the plaintiff must have sought leave to amend. See *Matanky Realty Group, Inc. v. Katris*, 367 Ill. App. 3d 839, 844 (2006) (concluding that "we cannot say that the trial court abused its discretion where no exercise of that discretion was requested because the record demonstrates that plaintiff never sought leave to amend its complaint").

¶ 15     We are also unsure what additional facts or allegations Cole would have been able to add to an amended complaint to overcome the basis for the circuit court's dismissal under section 2-619(a)(3) of the Code (735 ILCS 5/2-619(a)(3) (West 2022)). Although Cole fails to contest the court's actual dismissal based on section 2-619(a)(3), resulting in him forfeiting any argument about the propriety of that dismissal (see Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020)), we will discuss a section 2-619(a)(3) dismissal insofar as it relates to his contention about the court's alleged failure to allow him to amend his complaint. A section 2-619(a)(3) (735 ILCS 5/2-619(a)(3) (West 2022)) dismissal occurs where "there is another action pending between the same parties for the same cause." The purpose of a dismissal under this section is "to avoid duplicative litigation."

*Kellerman v. MCI Telecommunications Corp.*, 112 Ill. 2d 428, 447 (1986). "A section 2-619(a)(3) dismissal does not reach substantive claims, but serves to suspend the proceedings, allowing the plaintiff the opportunity to renew the claim at another time and/or in a different forum." *Illini Environmental, Inc. v. Environmental Protection Agency*, 2014 IL App (5th) 130244, ¶ 40.

¶ 16    The circuit court dismissed Cole's instant complaint in the law division because of the pendency of the complaint in the first municipal district, which it concluded was between the same parties for the same cause. The court's dismissal had nothing to do with the lack of merit of Cole's allegations, but rather judicial economy. See *Kellerman*, 112 Ill. 2d at 447. Given the rationale for dismissal, we struggle to conceive of additional facts or allegations Cole could have included in an amended complaint to survive dismissal based on section 2-619(a)(3). Consequently, there is no error based on Cole's alleged denial of the right to amend his complaint.

¶ 17    Cole next contends that the circuit court abused its discretion by relying on administrative rulings and actions from others judges without conducting an independent review of the case. In doing so, according to Cole, the court displayed a clear pattern of bias against him. "A trial judge is presumed to be impartial, and the burden of overcoming this presumption rests on the party making the charge of prejudice." *Eychaner v. Gross*, 202 Ill. 2d 228, 280 (2002). "A judge's rulings alone almost never constitute a valid basis for a claim of judicial bias or partiality." *Id.* "Rather, the party making the charge of prejudice must present evidence of prejudicial trial conduct and evidence of the judge's personal bias," which "can stem from an extrajudicial source." *Id.*

¶ 18    In the instant case, Cole has failed to present any evidence of judicial bias or prejudice. Rather, his claim of judicial bias rests solely on the adverse rulings against him by the circuit court in this case, which are insufficient to overcome the presumption of judicial impartiality. See *id.* at 380-81. Moreover, while Cole claims that the court neglected to independently consider the merits

of his complaint, nothing substantiates this self-serving allegation. Consequently, Cole has failed to demonstrate any bias on the part of the court against him or that it failed to conduct an independent review of his case.

¶ 19 Cole next contends that Lee's attorney altered transcripts in the case, which were then used by the circuit court in dismissing his complaint, all in violation of Illinois Supreme Court Rule 201 (eff. Mar. 17, 2023), the supreme court rule which provides the general discovery provisions. The court did not dismiss Cole's complaint based on any transcripts. Rather, the court dismissed Cole's complaint based on the existence of the first municipal district case, as that case was "another action pending between the same parties for the same cause." 735 ILCS 5/2-619(a)(3) (West 2022). The only external document the court relied upon when dismissing Cole's complaint in the law division was a copy of Cole's complaint in the first municipal district. Therefore, the court did not rely on any alleged altered transcripts when dismissing Cole's complaint.

¶ 20 Lastly, Cole contends that, due to the cumulative effect of the various errors in his case, as alleged above, he was deprived of his constitutional right to due process. However, as we have just concluded that there was no individual error in this case, there axiomatically cannot be any cumulative error. See *In re Estate of Mankowski*, 2014 IL App (2d) 140154, ¶ 63 ("As we find no error, we necessarily find no cumulative error.").

¶ 21                                      III. CONCLUSION

¶ 22 For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 23 Affirmed.